# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 98-1271WM

| | | |
|---|---|---|
| Kevin B. Paige, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| vs. | * | District Court for the |
| | * | Western District of Missouri |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

On the court's own motion the attached opinion is substituted for the opinion filed December 23, 1998.  The judgment entered  December 23, 1998, stands.

March 3, 1999

Order entered at the direction of the Court:

Clerk, U.S. Court of Appeals, Eighth Circuit.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-1271

———————

Kevin B. Paige,                          *
                                         *
            Appellant,                   *
                                         *    Appeal from the United States
    v.                                   *    District Court for the Western
                                         *    District of Missouri.
United States of America,                *
                                         *
            Appellee.                    *

———————————

Submitted: November 17, 1998
Filed: March 3, 1999

———————————

Before RICHARD S. ARNOLD and FAGG, Circuit Judges, and DAWSON,[*] District
    Judge.

———————————

FAGG, Circuit Judge.

A jury convicted Kevin B. Paige on three counts of using a firearm during a
drug trafficking crime in violation of 18 U.S.C. § 924(c). Paige appealed, and we
affirmed his conviction and sentence. See United States v. Lee, 886 F.2d 998 (8th
Cir. 1989). The Supreme Court denied Paige's petition for certiorari. See Paige v.
United States, 493 U.S. 1033 (1990). Paige then filed this 28 U.S.C. § 2255 motion
to vacate, set aside, or correct his sentence. The district court dismissed Paige's

———————————

[*]The Honorable Robert T. Dawson, United States District Judge for the
Western District of Arkansas, sitting by designation.

motion as untimely because Paige did not file it by April 23, 1997. Congress enacted a one-year statute of limitations for § 2255 motions on April 24, 1996, see 28 U.S.C. § 2255 (Supp. II 1996), and federal prisoners whose convictions became final before then had until April 23 or 24 of the following year to file their motions, depending on whether the enactment date is counted towards the one-year limitations period, compare Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998) (April 23); Miller v. Marr, 141 F.3d 976, 977 (10th Cir.) (same), cert. denied, 119 S. Ct. 210 (1998); Burns v. Morton, 134 F.3d 109, 112 (3d Cir. 1998) (same), with Flanagan v. Johnson, 154 F.3d 196, 201 (5th Cir. 1998) (April 24); Mickens v. United States, 148 F.3d 145, 148 (2d Cir. 1998) (same). Paige appeals the dismissal of his motion as untimely. We affirm.

Paige first asserts the district court should have deemed his petition timely filed under Houston v. Lack, 487 U.S. 266 (1988). In Houston, the Supreme Court held that under Federal Rule of Appellate Procedure 4(a)(1), a notice of appeal by a pro se prisoner is deemed filed when delivered to prison authorities for forwarding to the appropriate district court clerk. See id. at 268, 276. We have not yet decided whether the prison mailbox rule applies to the filing of a § 2255 motion as well as the filing of a notice of appeal. Although a panel of this court decided the rule applies to the filing of § 2254 petitions, the state-prisoner counterpart to § 2255 motions by federal prisoners, that decision was vacated and is currently pending before the court en banc. See Nichols v. Bowersox, No. 97-3639, 1998 WL 151380 (8th Cir. Apr. 3, 1998). Even if the prison mailbox rule applies to the filing of § 2255 motions, the rule does not help Paige. Under the prison mailbox rule, Paige's motion could be deemed filed when he deposited it in the prison mail, presumably on the same day he signed it, May 21, 1997, but Paige's motion would still be filed past the April deadline.

Paige asks us to extend the prison mailbox rule to the interprison mailing of the motion to Paige by his brother. Paige's brother, an inmate housed in a prison different from Paige, wrote Paige's motion for him. According to Paige, his brother

mailed the motion to him in time to meet the April deadline, but prison officials or the postal service sent the motion to the wrong penal institution and only later delivered the motion to Paige.  As Paige points out, the Court in <u>Houston</u> was concerned that the only way a pro se inmate can file documents with the district court clerk is by using the prison mail system, and once the inmate deposits a document in the prison mail for forwarding to the district court clerk for filing, the inmate has no control over mail delays.  <u>See</u> 487 U.S. at 273-74.  This concern is not implicated here.  Although Paige had no control over the mail delay, he chose to have his brother draft his motion and to wait for that draft's arrival in the mail despite the impending due date.  Paige asks us to go beyond <u>Houston</u> and we decline to do so. We simply find no authority for extending the prison mailbox rule beyond a prisoner's mailings to the district court clerk.

Paige also contends the doctrine of equitable tolling should stall the running of the one-year limitation period.  Even if equitable tolling is available in the context of a § 2255 motion, <u>see</u> <u>Hoggro v. Boone</u>, 150 F.3d 1223, 1226 (10th Cir. 1998) (available in § 2254 cases but not in § 2255 cases), the interprison mail delay alleged in this case does not justify equitable tolling.  In the habeas context, equitable tolling is proper when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." <u>Calderon v. United States Dist. Court for the Cent. Dist. of Ca.</u>, 127 F.3d 782, 786 (9th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 1395 (1998); <u>see</u> <u>Miller v. New Jersey State Dep't of Corrections</u>, 145 F.3d 616, 618-19 (3d Cir. 1998); <u>see also</u> <u>Shempert v. Harwick Chem. Corp.</u>, 151 F.3d 793, 797-98 (8th Cir. 1998), <u>pet. for cert. filed</u>, 67 U.S.L.W. 3323 (U.S. Oct. 29, 1998) (No. 98-709). The situation here was not beyond Paige's control.  <u>See</u> <u>Shempert</u>, 151 F.3d at 798. Paige chose someone in another prison to draft his motion.  When it the deadline drew near, Paige could have drafted his own motion or sought the help of a legal aide in his own prison.  No affirmative misconduct on the prison's part lulled Paige into inaction.  <u>See</u> <u>id.</u>  Indeed, Paige's counsel stated at oral argument that it was unclear whether the delay was caused by the mailroom in the brother's prison or the United

States postal service. Simply put, when Paige decided to count on someone in another prison to draft his motion and mail it to him through the prison and U.S. mail systems, he voluntarily took the risk of a late delivery.

Because Paige's § 2255 motion was untimely, the district court properly dismissed it. We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.