# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1153

_____

Eric A. Moore,                                    *
                                                  *
            Appellant,                            *
                                                  *     Appeal from the United States
      v.                                          *     District Court for the
                                                  *     Western District of Missouri.
United States of America,                         *
                                                  *
            Appellee.                             *


_____

Submitted: November 16, 1998
Filed: April 16, 1999

_____

Before McMILLIAN, FLOYD R. GIBSON, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Eric A. Moore appeals the district court's dismissal of his 28 U.S.C.A. § 2255 (West Supp. 1998) motion as untimely. Based on our recent en banc decision in Nichols v. Bowersox, Nos. 97-3639, 97-3640, 1999 WL ____ (8th Cir. Apr. 13, 1999) (en banc), we reverse.

**I.**

Moore was convicted in 1990 of using a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and sentenced to 60 months' imprisonment, to be served consecutively to a 360-month sentence imposed for the underlying drug trafficking convictions. He filed a pro se § 2255 motion seeking to dismiss the § 924(c) conviction in light of Bailey v. United States, 516 U.S. 137 (1995). The evidence is conflicting as to when Moore placed his motion to the district court in the prison mail system, but he obtained a receipt from the United States Postal Service dated April 24, 1997. Thus, Moore's motion was placed in the prison mail system at the latest on April 24, 1997. The district court found the motion untimely under § 2255's one-year time limit because the district court clerk's office did not receive Moore's motion until April 25, 1997, after the time limit had expired. See Moore v. United States, No. 97-0801-CV-W-8-P, at 4 (W.D. Mo. Oct. 20, 1997). Moore appeals, arguing that the prison mailbox rule should apply to his § 2255 motion. Under that rule, Moore's motion would be deemed filed when he placed it in the prison mail system. The government concedes the merits of the Bailey issue. (See Appellee's Br. at 9.) If Moore's § 2255 motion was timely filed, Moore is entitled to relief and will not have to serve the additional consecutive five years of confinement for the concededly invalid § 924(c) conviction.

## II.

We review de novo a district court's dismissal of a § 2255 motion. See Swedzinski v. United States, 160 F.3d 498, 500 (8th Cir. 1998). Section 2255 contains a one-year time limit for filing motions under that section.[1] This provision became

---

[1]Section 2255 provides in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

effective April 24, 1996, with the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, Title I, § 105, 110 Stat. 1220. Federal defendants whose convictions became final before the enactment of the AEDPA have been given a one-year grace period from its effective date to file their § 2255 motions. See Paige v. United States, No. 98-1271, 1999 WL 147982, at *1 (8th Cir. Mar. 3, 1999). Though the circuits are in agreement that the bright line rule of one year is an appropriate grace period for filing either a § 2254 petition or a § 2255 motion, they are split regarding the specific date that the one-year grace period ends--either April 23 or April 24, 1997. See Nichols v. Bowersox, Nos. 97-3639, 97-3640, slip op. at 9-10, 1999 WL ____, at * __ (collecting cases).

The two circuits that have chosen April 24, 1997, as the final date of the AEDPA grace period are the only two that have specifically addressed how to calculate the ending date of the time period. See Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998) (§ 2254 case); Mickens v. United States, 148 F.3d 145, 148 (2d Cir. 1998) (§ 2255 case). Both circuits relied on Fed. R. Civ. P. 6(a),[2] which provides that "[i]n

_____

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[2]The Federal Rules of Civil Procedure apply to cases under § 2254 and § 2255 because they are civil actions. See Fed. R. Civ. P. 81(a)(2); Rule 11, Rules

3

computing any period of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." The Second and Fifth Circuits concluded that the effective date of the AEDPA, April 24, 1996, is thus not included in calculating the one-year grace period, which therefore ends on April 24, 1997, rather than April 23, 1997. See Flanagan, 154 F.3d at 202; Mickens, 148 F.3d at 148.

As noted by the court in Flanagan, "Rule 6(a) is a general statutory rule." 154 F.3d at 201. The court found that one of the purposes for extending the one-year grace period to prisoners whose convictions were final before the enactment of the AEDPA was to give effect to the parties' reliance interests. Because the Fifth Circuit had consistently applied Rule 6(a) to compute other federal statutory time limits, applying Rule 6(a) in the § 2254 context furthered those interests. See id. The Second Circuit applied Rule 6(a) with little discussion. See Mickens, 148 F.3d at 148.

We have not used Rule 6(a) to calculate statutory time limits as regularly as has the Fifth Circuit. See, e.g., Mattson v. U.S. West Communications, Inc., 967 F.2d 259, 261-62 (8th Cir. 1992) (refusing to apply Rule 6(a) to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692-1692o (1994)). We declined to apply Rule 6(a) in Mattson because the statute of limitations in the FDCPA was jurisdictional, and Fed. R. Civ. P. 82 prevents the use of the Rules of Civil Procedure to extend the jurisdiction of district courts. See id. at 260, 262. Thus, before determining whether we should apply Rule 6(a) to the one-year time limit in § 2255, we must first determine whether that time limit is jurisdictional.

This is an issue of first impression in this circuit. However, we are guided by the thorough analyses of the Third and Ninth Circuits, which held that the one-year time

_____

Governing § 2254 Cases; Rule 12, Rules Governing § 2255 Cases.

limit under § 2244(d)(1) applicable to § 2254 petitions is a statute of limitation rather than a jurisdictional bar, and thus subject to equitable tolling. See Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997), overruled on other grounds, 163 F.3d 530, 535 (9th Cir. 1998) (en banc) (approving of prior panel's holding that § 2244(d)(1) was subject to equitable tolling). The Third Circuit recently extended its holding in Miller to conclude that the one-year time limit in § 2255 is likewise not jurisdictional. See Kapral v. United States, 166 F.3d 565, 567 (3d Cir. 1999).

The Third Circuit considered Congress's intent, as reflected in the statute's language, purpose, and legislative history, to determine that the time limit was intended to be a period of limitations, subject to equitable tolling, rather than a jurisdictional bar. See Miller, 145 F.3d at 618-19. Courts have used the same factors to make this distinction in other areas of law. See, e.g., Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393-94 (1982) (holding that the timely filing of an EEOC charge is not a jurisdictional prerequisite to bringing a Title VII action where the jurisdictional section of the statute did not limit jurisdiction to timely filed complaints; the time limit was in a separate section of the statute; and the sparse legislative history discussed the time limit as a period of limitations). Cf. Mattson, 967 F.2d at 260 (discussing the time limit in the FDCPA, which was contained within the jurisdictional section of the statute). The factors that the Third Circuit used to conclude that the time limit contained in § 2244(d)(1) is not jurisdictional, see Miller, 145 F.3d at 618, lead to the same conclusion when applied to the time limit in § 2255.

Section 2255 refers to the time limit as a "period of limitation" and as a "limitation period." The time limit contained within § 2255 does not purport to limit the jurisdiction of the district courts. Finally, the time limits contained in § 2255 and § 2244(d)(1) use identical language, indicating that Congress intended to treat them the

same. Following the well-reasoned opinions of the Third and Ninth Circuits, we hold that the one-year time limit for filing § 2255 motions is a statute of limitation and not a jurisdictional bar. Thus, we are not constrained by the holding in <u>Mattson</u> in applying Rule 6(a) to the § 2255 grace period.

Prior to enactment of the AEDPA, federal prisoners could collaterally attack their convictions using § 2255 "at any time." <u>See</u> 28 U.S.C. § 2255 (1994). The AEDPA changed that right overnight, limiting the time period for filing § 2255 motions to one year from various triggering events. Federal prisoners whose convictions were final, and to whom none of the other triggering events applied, were suddenly without recourse. We recently joined the other circuits that have addressed this question in holding that a one-year grace period provides a reasonable time period to avoid the unjust result that would follow the application of the AEDPA's one-year time limit on preexisting causes of action. <u>See</u> <u>Paige</u>, 1999 WL 147982, at *1; <u>United States v. Craycraft</u>, 167 F.3d 451, 456 (8th Cir. 1999). Congress enacted the AEDPA in part "to curb the abuse of the writ of habeas corpus." <u>See</u> <u>Miller</u>, 145 F.3d at 618 (citing H.R. Conf. Rep. No. 104-518 at 111 (1996)). We agree with <u>Flanagan</u> that choosing April 24 over April 23 will not hinder this purpose. <u>See</u> <u>Flanagan</u>, 154 F.3d at 201. Further, Rule 6(a) provides a reasonable basis for determining the appropriate ending date of the grace period. <u>See</u> <u>Mattson</u>, 967 F.2d at 262 (McMillian, J., dissenting) (noting the wide acceptance of the "modern doctrine" under which federal statutes of limitations are calculated pursuant to Rule 6(a)); <u>McDuffee v. United States</u>, 769 F.2d 492, 494 (8th Cir. 1985) (citing with approval other courts that have applied Rule 6(a) to federal statutes of limitations).

A panel of this court recently held that an untimely amendment to a § 2255 motion was time barred and did not relate back to the original timely filed § 2255 motion under Fed. R. Civ. P. 15(c)(2). <u>See</u> <u>Craycraft</u>, 167 F.3d at 456-57. The federal

6

prisoner in that case had filed two amendments, one on April 24, 1997, and another on May 30, 1997. The panel noted that "[i]t is this second amendment which the Government asserts is time barred." Id. at 456. The court went on to "join the majority of circuits in holding that § 2255's one-year time limit did not begin to run prior to April 24, 1996." Id. It is unclear from the opinion whether the panel's holding, that the amendment did not relate back to the original motion and thus was untimely, concerns both amendments or only the second amendment dated May 30, 1997. Because the panel did not discuss or specify the appropriate ending date of the one-year time limit as being either April 23 or April 24, 1997, we do not view the opinion as establishing binding precedent on that issue.

Following the Second and Fifth Circuits, we now determine that April 24, 1997, is the final date for filing a motion within § 2255's one-year grace period. Thus, our disposition of this case is relatively straightforward. Under the prison mailbox rule, a notice of appeal is deemed timely filed when an inmate deposits the notice in the prison mail system prior to the expiration of the filing deadline. See Houston v. Lack, 487 U.S. 266, 270 (1988); Fed. R. App. P. 25(a)(2)(C). We have recently held that the prison mailbox rule applies to § 2254 motions. See Nichols, slip op. at 17-18. We see no reason to draw a distinction between § 2254 and § 2255 with regard to the applicability of the prison mailbox rule. Cf. Mickens, 148 F.3d at 148 (finding no reason not to give federal prisoners the same one-year grace period under the AEDPA as extended to state prisoners); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (applying Houston v. Lack to pro se § 2255 motions). We now hold that the prison mailbox rule applies to pro se § 2255 motions. Thus, Moore's § 2255 motion, placed in the prison mail system no later than April 24, 1997, was timely.

Our final concern involves Moore's sentence on the underlying drug trafficking convictions. Moore argues that if we vacate his § 924(c) conviction, the sentence on

his underlying drug trafficking convictions should be left untouched. He also asks for a new trial on the drug trafficking counts. As Moore concedes, this court has already addressed, and rejected, his constitutional claims. See Gardiner v. United States, 114 F.3d 734, 736 (8th Cir.), cert. denied, 118 S. Ct. 318 (1997); United States v. Harrison, 113 F.3d 135, 138 (8th Cir. 1997). Moore's preconceived concerns of vindictiveness do not allow us to ignore our prior binding precedent, which we lack the authority to reconsider. See United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994). The § 924(c) conviction precluded the district court from any consideration of the two-level enhancement for possession of firearms in relation to drug trafficking offenses. See United States Sentencing Guidelines § 2D1.1(b)(1) and § 3D1.1 comment. (n.1). To leave the underlying sentence untouched "would result in periods of custody based on an erroneous application of the Sentencing Guidelines." Gardiner, 114 F.3d at 736. If the district court on remand finds the two-level enhancement to be appropriate and resentences Moore accordingly, and if Moore thinks his new sentence is a result of vindictiveness, he may appeal that issue then. Moore is not entitled to a new trial on the drug counts.

## III.

For the foregoing reasons, we reverse the district court's dismissal of Moore's § 2255 motion as untimely, and remand the case to the district court for entry of an order which vacates Moore's conviction and sentence on the § 924(c) count. We also remand for resentencing on Moore's underlying drug trafficking convictions consistent with this opinion. That is, we remand for the limited purpose of the district court's consideration of USSG § 2D1.1(b)(1) with respect to Moore's existing drug trafficking convictions and sentences.

8

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.