# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1312WM

_____

Raymond A. Ebanks,         *
                              *

        Appellant,         *

                              *   Appeal from the United States

    v.                      *   District Court for the

                              *   Western District of Missouri

United States of America,   *

                              *      [UNPUBLISHED]

        Appellee.         *

                              *

_____

Submitted: August 4, 1999

Filed: August 16, 1999

_____

Before MCMILLIAN, BRIGHT and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

Federal prisoner Raymond Ebanks appeals the district court's[1] order dismissing his 28 U.S.C. § 2255 petition as untimely. Because the timeliness question is dispositive, this court ordered the case held in abeyance pending the decision in Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (en banc). We conclude that the petition was timely filed and reverse the district court order dismissing the petition.

_____

[1]The Honorable Howard F. Sachs, United States District Court Judge for the Western District of Missouri.

Ebanks's cocaine conspiracy conviction and 264-month sentence became final in 1991. See United States v. Stephenson, 924 F.2d 753 (8th Cir.), cert. denied, 502 U.S. 813 (1991). Ebanks placed his § 2255 petition challenging his sentence in the prison mail system on April 22, 1997, and it was postmarked April 23, 1997. The district court clerk filed the petition on April 28, 1997. Following the government's response, the district court dismissed the petition with prejudice as untimely because it had been filed on April 28, 1997.

Because his convictions became final before the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), Ebanks was entitled to a one-year grace period, see Paige v. United States, 171 F.3d 559, 560 (8th Cir. 1999), ending on April 24, 1997, see Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999), in which to file his § 2255 petition. Further, under Moore, Ebanks is entitled to the benefit of the prison mailbox rule. Id. Thus, his § 2255 petition deposited in the prison mail system on April 22, 1997, and postmarked April 23, 1997, was timely filed.

Accordingly, the district court order dismissing Ebanks's § 2255 petition as untimely is reversed. The case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.