# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2583

_____

Jose Mendoza,    *
                 *
          Appellant,    *    Appeal from the United States
                 *    District Court for the Southern
     v.          *    District of Iowa.
                 *
United States of America,    *         [UNPUBLISHED]
                 *
          Appellee.    *

_____

Submitted:  September 14, 1999
Filed: September 22, 1999

_____

Before McMILLIAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Jose Mendoza appeals the district court's denial of his 28 U.S.C. § 2255 motion. On April 24, 1996, Congress enacted a one-year statute of limitations for § 2255 motions, see 28 U.S.C. § 2255 (Supp. II 1996), and federal prisoners whose convictions became final before then, like Mendoza, had until April 24, 1997, to file their motions. See Moore v. United States, 173 F.3d 1131, 1133-35 (8th Cir. 1999); Paige v. United States, 171 F.3d 559, 560 (8th Cir. 1999); United States v. Craycraft, 167 F.3d 451, 456 (8th Cir. 1999). Because Mendoza did not file his § 2255 motion until June 4, 1997, his motion is untimely.

We reject Mendoza's argument that the doctrine of equitable tolling should excuse his untimely filing because Mendoza has not shown that extraordinary circumstances beyond his control prevented him from complying with the filing deadline.  See Paige, 171 F.3d at 561.  Likewise, we reject Mendoza's meritless contention that the one-year limitation period should run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2255(4), because Mendoza's claim is based on facts known to him more than one year before the April 24, 1997, deadline.

We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.