# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3775

_____

David E. Collins,                           *
                                            *
                  Appellant,                *   Appeal from the United States
                                            *   District Court for the Southern
        v.                                  *   District of Iowa.
                                            *
David Scurr,                                *        [UNPUBLISHED]
                                            *
                  Appellee.                 *

_____

Submitted:  September 13, 2000

Filed:   September 19, 2000

_____

Before RICHARD S. ARNOLD, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

In 1995, David E. Collins pleaded guilty to state drug-related charges and later filed an application for state postconviction relief, which was denied on December 19, 1996. Collins did not appeal the denial of his application for state postconviction relief. On September 9, 1998, Collins filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. The district court dismissed Collins's § 2254 petition, concluding the petition was not timely filed within the applicable one-year statute of limitations for § 2254 petitions. See 28 U.S.C. § 2244(d) (Supp. IV 1998).

On appeal, Collins concedes his § 2254 petition was filed outside the one-year limitation period of § 2244(d), but argues the statute of limitations should have been equitably tolled due to his alleged mental incompetence. We disagree. "In the habeas context, equitable tolling is proper when '"extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time,'" Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999) (quoted case omitted), circumstances which Collins has not alleged in this case. Instead, as the district court noted, Collins's "only response to [his habeas action's] untimeliness is he was suffering from apparent mental incompetency at the time of his plea [in 1995], and he needs to develop further how long his mental incompetency continued and whether it affected his ability to file a habeas petition." (Dist. Ct. Op. at 2-3.) These bald and unsupported assertions, however, relate to an instance of alleged mental incompetency that "occurred at a time [] remote to his [§ 2254 petition filing] deadline, and absent a showing that [Collins] diligently pursued his application [after the denial of state postconviction relief in December 1996] and still could not complete it on time [due to mental incompetency]," Fisher v. Johnson, 174 F.3d 710, 716 (5th Cir. 1999), Collins has failed to make the required threshold showing of mental incompetency necessary to equitably toll the statute of limitations and excuse the late filing of his § 2254 petition. See id. at 715-16; Calderon v. United States Dist. Court, 163 F.3d 530, 541 (9th Cir. 1998) (en banc) (statute of limitations was equitably tolled because record disclosed defendant had been having serious mental problems for many years), cert. denied, 526 U.S. 1060 (1999).

We thus affirm the dismissal of Collins's § 2254 petition. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-