# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3073

_____

Paul Kreutzer,                           *
                                         *
            Appellant,                   *
                                         *   Appeal from the United States
      v.                                 *   District Court for the Western
                                         *   District of Missouri.
Michael S. Bowersox, Warden,             *
Superintendent,                          *
                                         *
            Appellee.                    *

_____

Submitted:  September 13, 2000

Filed:  November 15, 2000

_____

Before RICHARD S. ARNOLD, BEAM, and MORRIS SHEPPARD ARNOLD,
       Circuit Judges.

_____

BEAM, Circuit Judge.

Paul Kreutzer appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus relief. Because we find Kreutzer's petition is untimely, we affirm.

## I.     BACKGROUND

Kreutzer raped and killed Louise Hemphill, a housewife who was home alone when the assault occurred. Hemphill suffered stab wounds and multiple blows to the

head, but the cause of death was strangulation with a belt. After the murder, Kreutzer stole Hemphill's purse, and her billfold was later found in his car. Significant physical evidence linked Kreutzer to the murder, including DNA analysis of semen and hair and bloodstains found on items in Kreutzer's car and hotel room. At the guilt phase of trial Kreutzer asserted a diminished capacity defense, asserting that a mental disease or defect prevented him from acting with deliberation. In the penalty phase, he presented mitigating evidence that he suffered from post-traumatic stress disorder as a result of past physical and emotional abuse. The jury returned a guilty verdict with a sentence of death on June 6, 1994.

Kreutzer filed a timely appeal and post-conviction motion pursuant to Missouri Supreme Court Rule 29.15 in November 1994. In July 1995, following an evidentiary hearing, the trial judge entered findings of fact and conclusions of law and denied the motion. The Missouri Supreme Court affirmed the conviction and the denial of post-conviction relief in Kreutzer's consolidated appeal in August 1996 and denied rehearing on September 17, 1996. Kreutzer's petition for certiorari filed with the United States Supreme Court was denied on January 13, 1997. Kreutzer filed this petition for habeas corpus on January 27, 1998. The district court denied relief and declined to issue a certificate of appealability.

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposed a one-year statute of limitations to applications for a writ of habeas corpus by state prisoners. See 28 U.S.C. § 2244(d)(1). The statute begins running on the date when the state judgment became final through the completion of direct review or the expiration of time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A). Kreutzer's one-year time limit began to run on January 13, 1997, when his petition for writ of certiorari was denied by the United States Supreme Court. See Smith v. Bowersox, 159 F.3d 345,

348 (8th Cir. 1998). Kreutzer's habeas petition, filed on January 27, 1998, clearly fell outside of this limitation period.

However, this seemingly clear analysis is confused in this case by the operation of another possible statute of limitations. AEDPA also provides for an expedited 180-day statute of limitations, found in chapter 154, 28 U.S.C. §§ 2261- 2266, for qualifying states in capital habeas proceedings. See Calderon v. Ashmus, 523 U.S. 740, 742 (1998). A state may only "opt-in" to the 180-day statute of limitations if it provides a mechanism for the appointment and compensation of competent counsel in state post-conviction proceedings. See 28 U.S.C. §§ 2261(b), 2265(b). If a state meets these criteria, chapter 154 is applicable and the state may seek to apply the expedited 180-day statute of limitations. See Calderon, 523 U.S. at 743. If the state does not meet these criteria, however, chapter 154 may not be invoked by the state. See id.

Chapter 154 contains a tolling provision of the 180-day requirement because the 180-day limit begins to run from final state court affirmance of the conviction, and thus before state post-conviction procedures are complete and before a petition for writ of certiorari can be filed. See 28 U.S.C. § 2263(a). Kreutzer moved for an extension of time under this tolling section, 28 U.S.C. § 2263(b)(3), on December 29, 1997, and the extension was granted on January 15, 1998. In its order granting the extension under section 2263(b), the district court "procee[ded] on the assumption" that Missouri Supreme Court Rule 29.16 was sufficient to qualify Missouri for the expedited review provisions of chapter 154, and noted that if Missouri did qualify, the 180-day limit would have expired on December 29, 1997.[1] The court further stated that in granting the extension, it was acting "provisionally, preserving the option to reconsider the

---

[1]Of course, as noted earlier, the final state court affirmance in this case occurred on September 17, 1996, some 468 days prior to December 29, 1997. However, Missouri did not purport to opt-in under Chapter 154 until July 1, 1997, at which time the 180-day statute of limitations would have begun to run.

timeliness of Petitioner's filing under the general statute of limitations for filing a petition for writ of habeas corpus found in 28 U.S.C. § 2244(d)."

Chapter 154 is not applicable in this case, and thus Kreutzer's invocation of tolling provisions in section 2263(b) does not toll the one-year time limit established by section 2244(d)(1). This court has previously noted that Missouri, at least as of 1999, did not have appointed counsel mechanisms in place in order for it to qualify for the expedited review provisions of chapter 154. See Harris v. Bowersox, 184 F.3d 744, 748 (8th Cir. 1999) ("to our knowledge Missouri has not yet qualified under 28 U.S.C. § 2261"); Hunter v. Bowersox, 172 F.3d 1016, 1021 n.3 (8th Cir. 1999) (chapter 154 did not apply because Missouri had not met the requirements of 28 U.S.C. § 2261). The federal district courts of Missouri have had similar doubts about Missouri's qualification under chapter 154. See Roll v. Bowersox, 16 F. Supp. 2d 1066, 1071-72 & n.2 (W. D. Mo. 1998) (although state contended Missouri qualified for chapter 154 in the summer of 1997, district court disagreed and noted "there are . . . serious questions about Missouri's compliance with the opt-in procedures"); Schlup v. Bowersox, No. 4:92CV443, 1996 WL 1570463 at *10 (E.D. Mo. May 2, 1996) ("Currently Missouri does not have in place such a mechanism for the compensation and appointment of post conviction counsel and does not have standards of competency for the appointment of such counsel. In absence of such procedures, chapter 154 does not apply to this matter.").

Certainly then, in January 1998 when the extension was granted, Missouri had not met the requirements to make either the 180-day statute of limitations in section 2263(a) or its tolling provisions applicable. Thus, the district court's grant of the extension pursuant to 28 U.S.C. § 2263 was a nullity. Further, there is no tolling provision for section 2244(d)(1).

However, because the one-year time limit contained in section 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling, if applicable, may

-4-

apply.  See Moore v. United States, 173 F.3d 1131, 1134 (8th Cir. 1999).  Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.  See Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999).  Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction.  See Niccolai v. United States Bureau of Prisons, 4 F.3d 691, 693  (8th Cir. 1993).  Neither circumstance is present here and we find that equitable tolling is not appropriate in this case.  The record shows that Kreutzer was represented by counsel throughout these proceedings.  Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.  See Preston v. State of Iowa, No. 99-3261, 2000 WL 995013 at *1  (8th Cir. July 20, 2000) (per curiam); Paige, 171 F.3d at 561.  See also, Collins v. Scurr, No. 99-3775, 2000 WL 1341544 at *1 (8th Cir. Sept. 19, 2000) (per curiam) (alleged mental incompetence at the time of the guilty plea was not an adequate showing to justify equitable tolling).  Thus, tolling is even less appropriate in a case where the petitioner is represented by counsel.

Further, counsel's failure to recognize the importance of the one-year statute of limitations in section 2244(d)(1) does not necessarily invoke the equitable tolling doctrine.  We agree with those courts that have found that counsel's confusion about the applicable statute of limitations does not warrant equitable tolling.  See, e.g., Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (lawyer's innocent mistake in interpreting AEDPA's statutory provisions does not constitute extraordinary circumstances external to petitioner justifying equitable tolling); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (attorney's miscalculation of limitations period not a valid basis for equitable tolling).  See also Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999) (per curiam) (no equitable tolling where delay was allegedly due to lawyer's decision to use regular mail, rather than expedited delivery).

Finally, there is nothing in the record which suggests the respondent has lulled Kreutzer into inaction. In fact, in responding to the motion for extension filed on December 29, 1997, the State filed a supplemental response, stating in part:

> Respondent wishes to make it clear that by responding to petitioner's motion for extension respondent in no way is waiving [the section 2244(d)] one year statute of limitations nor does he accept the proposition that the one year statute of limitations is not applicable to this case, regardless of whether the 180 day statute also applies.

This supplemental response was filed January 2, 1998, eleven days before the one-year statute of limitations ran. If anything, this should have put Kreutzer's counsel on notice to ascertain what the correct statute of limitations was. Thus, Kreutzer's failure to file within the one-year statutory period cannot be attributed to the respondent. Nor was Kreutzer lulled by the district court's erroneous grant of the extension under section 2263(b). The district court entered an order granting this extension on January 15, 1998, two days after the expiration of the one-year statute of limitations referenced by respondent in the supplemental response.[2]

We may affirm the district court's denial of habeas corpus relief on any ground supported by the record, regardless of whether the district court considered it. See Auman v. United States, 67 F.3d 157, 161-62 (8th Cir. 1995). Because we conclude

---

[2]In an order denying respondent's motion to dismiss the habeas petition as untimely, dated November 6, 1998, the district court erroneously stated that the writ of certiorari had been denied on January 17, 1997. Also in this November 1998 order, the district court stated that it had granted the extension under Federal Rule of Civil Procedure 6(b), which, according to the district court, "grants the Court discretion to authorize an enlargement of the time period in which an act is required to be done." However, Rule 6(b), by its own terms, only applies to time limits set by the Federal Rules of Civil Procedure, or to limits set by the court. See Fed. R. Civ. P. 6(b). It cannot be used to extend a statutory limit.

Kreutzer's habeas petition was not timely, we affirm the district court's denial of habeas relief and the dismissal of Kreutzer's petition for habeas corpus relief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.