# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1115

_____

| | | |
|---|---|---|
| Renae Greene, | * | |
| | * | |
| Petitioner - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| James Washington, | * | **[UNPUBLISHED]** |
| | * | |
| Respondent - Appellee. | * | |

_____

Submitted: June 11, 2001

Filed: July 20, 2001

_____

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and TUNHEIM,* District Judge.

_____

PER CURIAM.

Missouri inmate Renae Greene is serving consecutive life and thirty-year prison terms for armed robbery and armed criminal action. Her conviction and sentence were affirmed by the Missouri Court of Appeals, her motion for state post-conviction relief was denied by the trial court, and that ruling was affirmed by the Missouri Court of Appeals on September 24, 1996. Under the Antiterrorism and Effective Death Penalty

_____

*The HONORABLE JOHN R. TUNHEIM, United States District Judge for the District of Minnesota, sitting by designation.

Act ("AEDPA"), she had one year from that date to file a petition for federal habeas corpus relief under 28 U.S.C. § 2254.  See 28 U.S.C. §§ 2244(d)(1)(A) & (d)(2). Instead, she filed a motion to recall the mandate in the Missouri Court of Appeals on January 11, 1999, which was promptly denied, and then filed this § 2254 petition on May 14, 1999.  The district court[1] dismissed the petition as time-barred, and Ms. Greene appealed.  The court then granted a certificate of appealability on the issue of equitable tolling, observing that "the circumstances under which AEDPA's time limitations may be equitably tolled are not completely settled in this circuit."

On appeal, Ms. Greene argues, as she did in the district court, that AEDPA's one-year statute of limitations should be equitably tolled in this case because her post-conviction attorney mistakenly advised Ms. Greene that the filing of a motion to recall the mandate in the Missouri Court of Appeals after the one year limitations period had expired would "afford [Ms. Greene] a new one year period before her time to file a 2254 action lapses."  However, while her appeal was pending, this court issued its decision in Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), petition for cert. filed, __ U.S.L.W. ____ (U.S. June 11, 2001) (No. 00-10520), which rejected the contention that equitable tolling is appropriate when counsel has misled a petitioner as to the applicable limitations period:

> Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a [§ 2254] petition on time. . . . Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted. . . . Thus, tolling is even less appropriate in a case where the petitioner is represented by counsel. . . . We agree with those courts that have found that counsel's confusion about the applicable statute of limitations does not warrant equitable tolling.

---

[1]The HONORABLE ORTRIE D. SMITH, United States District Judge for the Western District of Missouri.

(Citations omitted.)  Ms. Greene urges us to reconsider <u>Kreutzer</u>, but a panel of this court may not do so.  Applying <u>Kreutzer</u>, the district court was correct in concluding that Ms. Greene can point to no extraordinary circumstances warranting equitable tolling of the AEDPA statute of limitations, and its judgment must be affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.