# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-1343

———————

Odell A. Nelson,

        Appellant,

    v.

United States of America,

        Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri
\*
\* [UNPUBLISHED]
\*

———————

Submitted:  March 15, 2001

Filed:  December 6, 2001

———————

Before McMILLIAN, BRIGHT, and RICHARD S. ARNOLD, Circuit Judges.

———————

PER CURIAM.

Federal prisoner Odell Nelson appeals the district court's[1] order dismissing his 28 U.S.C. § 2255 petition as untimely.  Because the timeliness question is dispositive, this court ordered the case held in abeyance pending the decision in <u>Nichols v. Bowersox</u>, 172 F.3d 1068 (8th Cir. 1999) (en banc).  We now reverse the district

———————

[1]The Honorable Joseph E. Stevens, Jr., late a United States District Court Judge for the Western District of Missouri.

court order dismissing Nelson's petition and remand the case to the district court for further consideration.

Nelson's drug trafficking convictions became final in 1985, when he was sentenced to a 144-month prison term and a six-year term of special probation. His § 2255 petition challenging the special probation term was signed April 15, 1997, was received "in chambers" by the district court on April 25, 1997, and was stamped "filed" by the clerk on May 12, 1997. The government moved to dismiss the petition as untimely. Nelson replied that his petition was timely because he deposited it (with first-class postage affixed) in a United States Postal Service mailbox on April 20, 1997. The district court dismissed the petition as untimely, concluding that the earliest date it could be considered filed was April 25, 1997, the date it was received "in chambers."

This court has held that federal prisoners are entitled to a one-year grace period, see Paige v. United States, 171 F.3d 559, 560 (8th Cir. 1999), ending on April 24, 1997, see Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999), for the filing of § 2255 petitions. The court also concluded in Moore that federal prisoners are entitled to the benefit of the prison mailbox rule. Id. Because Nelson stated that he placed his petition in a United States Postal Service mailbox and made no representation that he deposited it in a prison mail system, we conclude either that he was not a prisoner when he mailed the petition or that he chose to bypass the prison mail system. In either case, we conclude the prison mailbox rule is not available to him. However, this conclusion does not end our inquiry.

Nelson stated that he deposited his petition in a United States Postal Service mailbox on April 20, 1997. The petition was received by the district court "in chambers" on April 25, 1997, and was stamped "received" by the court on that date. The district court concluded that April 25, 1997 was the earliest date the petition could be considered filed. This conclusion fails to consider the possibility that the

petition might have been received by the district court clerk's office on or before April 24, 1997, then forwarded to the district court where it was received "in chambers" on April 25, 1997. If that is the case, the petition would have been timely filed.

Accordingly, we reverse the district court's order dismissing Nelson's petition as untimely. We remand the case to the district court to determine whether the petition was received in the district court clerk's office on or before April 24, 1997, and for reconsideration of the government's motion to dismiss in light of that determination.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.