UNITED STATES of America,
Plaintiff,

v.

Efrain CAMPA–FABELA, Defendant.

No. 98–204.

United States District Court,
S.D. Iowa,
Southern Division.

June 24, 2002.

Edwin F. Kelly, Assistant U.S. Attorney, Des Moines, IA, for plaintiff.

Efrain Campa–Fabela, Greenville, IL, defendant pro se.

## RULING AND ORDER SUMMARILY DISMISSING SECTION 2255 MOTION

VIETOR, Senior District Judge.

Defendant Efrain Campa–Fabela moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. If it plainly and conclusively appears from the face of a section 2255 motion and the files and records of the case that the moving defendant is not entitled to any relief, the court shall summarily dismiss the motion; otherwise, the United States Attorney shall be ordered to respond to the motion and further proceedings shall be had. 28 U.S.C. § 2255; Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. For the following reasons, defendant's motion must be summarily dismissed.

*I. Background.* A jury found defendant guilty of illegal reentry into the United States and possession with intent to distribute methamphetamine. He was sentenced to 188 months in prison, followed by eight years of supervised release. The United States Court of Appeals for the Eighth Circuit affirmed. *United States v. Campa–Fabela,* 210 F.3d 837 (8th Cir. 2000). On April 30, 2001, the United States Supreme Court denied defendant's petition for a writ of certiorari. *Campa–Fabela v. United States,* 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 662 (2001). The Supreme Court denied defendant's petition for rehearing on June 18, 2001. *Campa–Fabela v. United States,* 533 U.S. 925, 121 S.Ct. 2541, 150 L.Ed.2d 710 (2001). Defendant signed his section 2255 motion on June 3, 2002, and the court received it on June 10, 2002.

*II. Discussion.* "A 1–year period of limitation shall apply to a [§ 2255] motion." 28 U.S.C. § 2255. For purposes here, the limitations period runs from the "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.

Defendant argues that his conviction became "final" when the Supreme Court denied his petition for rehearing, not when it denied his petition for a writ of certiorari. He therefore contends that the statute of limitations for filing his section 2255 motion began running on June 18, 2001, less than a year before he filed his motion. The United States Court of Appeals for the Eighth Circuit has not considered the question. All of the courts of appeals that have addressed the issue have held a conviction is "final" when a petition for a writ of certiorari is denied, unless the Court or a Justice suspends the order denying the petition for writ of certiorari. *See United States v. Segers,* 271 F.3d 181, 185–86 (4th Cir.2001) (conviction final when Supreme Court denied petition for writ of certiorari, not when Supreme Court denied petition for rehearing), *cert. denied,* —— U.S. ——, 122 S.Ct. 1331, 152 L.Ed.2d 237 (2002); *Horton v. United States,* 244 F.3d 546, 550–51 (7th Cir.2001) (absent actual suspension of order denying certiorari, judgment is final when Court denies petition for writ of certiorari); *United States v. Thomas,* 203 F.3d 350, 356 (5th Cir.2000) (order denying petition for writ of certiorari takes legal effect and is not suspended pending application for rehearing except upon Court's or Justice's intervention); *United States v. Willis,* 202 F.3d 1279, 1280–81 (10th Cir.2000) (judgment final even though defendant could have filed petition for rehearing after denial of certiorari). I agree with the reasoning in those cases and adopt it.

Defendant does not suggest the Supreme Court or a Justice suspended the order denying his petition for a writ of certiorari. Consequently, defendant's conviction was final on April 30, 2001, when the Supreme Court denied his petition for a writ of certiorari. Defendant had until April 30, 2002, to file a motion under section 2255. He filed his motion in June,

2002, more than a year after the judgment of conviction became final.

*III. Conclusion.* Defendant Efrain Campa–Fabela's section 2255 motion is barred by the one-year period of limitation. Defendant Efrain Campa–Fabela's motion brought under 28 U.S.C. § 2255 is **DISMISSED.**

IT IS SO ORDERED.