# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1499

_____

| | | |
|---|---|---|
| Dawn Hall Baker, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Larry Norris, Director, Arkansas | * | |
| Department of Correction, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 13, 2003

Filed: February 25, 2003

_____

Before BOWMAN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

In 1985, Dawn Hall Baker was convicted of three counts of felony capital murder for her participation in three 1984 robberies during the course of which her accomplice, Charles Franklin Stoner, took the lives of three people. Baker was sentenced to life in prison without the possibility of parole. Her conviction was upheld by the Arkansas Supreme Court and became final in 1986. Baker v. State, 711 S.W.2d 816 (Ark. 1986). Baker did not pursue state post-conviction relief. In fact, she did not seek any further judicial review of her conviction until August 2001,

when she filed a petition in federal court for a writ of habeas corpus. See 28 U.S.C. § 2254 (2000). The District Court,[1] finding that Baker's petition was untimely filed and that Baker had not shown any basis for equitable tolling of the applicable statute of limitations, dismissed the petition as time-barred but granted a certificate of appealability on the issue of equitable tolling. We affirm the dismissal of Baker's petition.

Enacted on April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, provides for a one-year statute of limitations governing the filing of habeas petitions by state prisoners; the statute begins running on the date that the prisoner's state conviction becomes final. 28 U.S.C. § 2244(d)(1). To avoid harsh results, we have held that state prisoners, such as Baker, whose convictions became final before AEDPA's enactment are entitled to a one-year "grace period" following the Act's enactment. Nichols v. Bowersox, 172 F.3d 1068, 1072-73 (8th Cir. 1999) (en banc). This one-year grace period expired on April 24, 1997. Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999).

The one-year time limit in § 2244(d)(1) is a statute of limitations and not a jurisdictional bar. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Thus, like other statutes of limitations, both the one-year AEDPA time limit, see Kreutzer, 231 F.3d at 463, as well as the grace period for state prisoners whose convictions became final before AEDPA's enactment, see Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001), cert. denied, 122 S. Ct. 2596 (2002), may be equitably tolled. But we have held that equitable tolling may be invoked only in limited circumstances, such as when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time," Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999) (quoting Calderon v. United States

---

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

Dist. Court, 127 F.3d 782, 786 (9th Cir. 1997), cert. denied, 523 U.S. 1063 (1998)), or where the conduct of the defendant has lulled the plaintiff into inaction, Kreutzer, 231 F.3d at 463. Baker's petition was filed in August 2001 and is clearly untimely. Baker urges that the grace period should be tolled because she did not receive enough time in the law library, because she had no reason to be aware of AEDPA's enactment, because of her actual innocence, and because of ineffective assistance of counsel. We conclude that none of these reasons are "extraordinary circumstances beyond a prisoner's control" that made it impossible for Baker to file her petition on time. See Paige, 171 F.3d at 561.

Baker first urges that her access to the law library was inadequate. Specifically, she offers as an excuse the prison's rule limiting inmates to two hours at a time in the library and requiring them to sign up for access in advance. We cannot agree that these policies were enough to "make it impossible to file a petition on time." See id. Nor is it enough that Baker argues she had no reason to be aware of AEDPA's enactment and no reason to think it applied to her. Though the title of the Antiterrorism and Effective Death Penalty Act does not specifically address individuals serving life sentences for felony murder, we cannot endorse Baker's argument that the Act's title provides an excuse for her not being aware of the one-year statute of limitations. Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul. See e.g., Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (noting that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"), cert. denied, 531 U.S. 1164 (2001).

Baker's final two reasons for tolling—ineffective assistance of counsel and actual innocence—are related. Baker argues that in serving as an accomplice to Stoner, she acted under duress and that, had her attorney performed adequately, this theory would have been more squarely presented to the jury and she would not have

been convicted. She also urges that her attorney was ineffective for failing to pursue more vigorously the motion to suppress her incriminating statements as involuntary. Further, Baker argues that her attorney knew that she was under the influence of narcotics throughout her trial and that, because of her drug use, she was unable to assist in her defense. Finally, Baker argues that, after the Arkansas Supreme Court affirmed her conviction, she was told by her attorneys that no other court would hear her case.

These reasons are not sufficient to cause us to invoke equitable tolling. Baker knew the factual basis for her claims of actual innocence and ineffective assistance of trial counsel at the time of her conviction in 1985. Yet she did nothing to seek judicial review of these claims for some fifteen years after her conviction and sentence became final in 1986 with the decision of the Arkansas Supreme Court. Similarly, she apparently did nothing for many years thereafter to look beyond the bad advice her appellate counsel allegedly provided. She did not file her habeas petition until August 2001, more than four years after AEDPA's one-year grace period had expired. Her allegations do not amount to "extraordinary circumstances beyond [her] control [that] ma[de] it impossible to file a petition on time," Paige, 171 F.3d at 561, nor does she allege conduct attributable to the state that has lulled her into inaction, see Kreutzer, 231 F.3d at 463. Baker simply has not been diligent in acting to protect her right to federal habeas review of her conviction. In these circumstances, equitable tolling does not lie.

The District Court's dismissal of Baker's petition for a writ of habeas corpus is affirmed.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.