# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3513

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Randall Kirk Bell, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 12, 2003

Filed: July 2, 2003

_____

Before BOWMAN, HEANEY, and BYE, Circuit Judges.

_____

PER CURIAM.

The District Court[1] dismissed Randall Kirk Bell's 28 U.S.C. § 2255 (2000) motion because Bell filed it beyond the statute's one-year limitations period. Bell argues on appeal that equitable tolling should apply because he was misled by the District Court docket sheet as to the date that the limitations period expired. We disagree and affirm the dismissal of Bell's motion.

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

The District Court convicted Bell of a series of crimes related to narcotics and firearms. Bell appealed the verdict, and we affirmed with the exception of one firearms count, which we remanded for reconsideration. United States v. Kime, 99 F.3d 870, 886 (8th Cir. 1996). On remand, the District Court refused to acquit, and Bell unsuccessfully appealed. United States v. Bell, 205 F.3d 1347 (8th Cir. 1999) (table). The United States Supreme Court denied his subsequent certiorari petition on April 17, 2000. Bell v. United States, 529 U.S. 1081 (2000). On April 26, 2001, Bell filed with the District Court a motion pursuant to 28 U.S.C. § 2255, which has a one-year statute of limitations. The District Court concluded, and Bell does not challenge, that the limitations period began to run for Bell on April 17, 2000, because the denial of certiorari made his conviction final. See United States v. Bell, No. 94-52, slip op. at 2 (S.D. Iowa July 29, 2002) (citing United States v. Campa-Fabela, 209 F. Supp.2d 968, 969 (S.D. Iowa 2002), appeal docketed, No. 03-1149 (8th Cir. Jan. 16, 2003)). Bell's motion was therefore filed beyond the expiration of the limitations period.

Bell contends that equitable tolling should apply because he believes that the District Court docket sheet misled him to think that the limitations period expired later than April 17, 2001.[2] Bell explains that he requested his docket sheet from the District Court Clerk in order to ascertain the date of the order denying certiorari, and it contained the following entry:

5/4/00    676    COPY of Appellate Court Order: denying petition for writ of certiorari regarding Randall Kirk Bell. (ld)
[Entry date 05/04/00]

---

[2]We have yet to consider whether equitable tolling can apply to a § 2255 petition, see Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999), but we need not decide this issue now because even if equitable tolling can apply, its use in this case would be improper.

Docket Sheet at 99. Bell read this entry to denote that the Supreme Court denied certiorari on May 4, 2000, so he accordingly believed that the limitations period for filing a § 2255 petition expired on May 4, 2001. The District Court refused to apply equitable tolling and dismissed Bell's petition. Because we have not considered whether equitable tolling can apply to a § 2255 petition, see Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999), we have not ruled as to the proper standard of review in this case, but we need not resolve whether the standard should be de novo or abuse of discretion because we would affirm the judgment of the District Court under either standard,[3] see Jihad v. Hvass, 267 F.3d 803, 806 n.3 (8th Cir. 2001) (explaining, in context of 28 U.S.C. § 2254 petition, that court would affirm district court's decision not to apply equitable tolling under either de novo or abuse or discretion standard).

Equitable tolling is appropriate when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Paige, 171 F.3d at 561. Bell argues that the allegedly misleading docket sheet was an extraordinary circumstance beyond his control that made it impossible for him to file a timely motion, but his explanation as to why the docket sheet misled him is unconvincing. He states that the only way to read the docket entry is to presume that the date on the left was that of the denial of certiorari. Because that date is without a heading or label, Bell's reading is not unreasonable, but it is equally reasonable to read that date to be the date on which the District Court Clerk received or filed the order.[4] Bell argues that the Clerk's reception of and filing of the order is represented by the date

---

[3]In deciding whether equitable tolling applies, we assume the truth of Bell's allegations related to his late filing, so his request for an evidentiary hearing is moot. See Evans v. United States, 200 F.3d 549, 551 (8th Cir. 2000).

[4]The Government claims that the left-hand column has a heading that states, "Date Filed," but that heading appears only on docket sheets read through the District Court's online docket management program and not on the docket sheet submitted to us—the sheet that we have been led to believe Bell received.

-3-

in the right-hand column. This date, however, is next to the words "Entry Date," which indicate that this is the date on which the Clerk's reception of the copy of the order was *entered* into the docket and not necessarily the date on which the Clerk received the copy.

Because of the uncertainty concerning the date in the left-hand column, Bell wrote in his brief that "one would have to be Sherlock Holmes to decipher the meaning of the clerk's docket sheet." Reply Br. of Appellant at 1. This hyperbolic statement is inconsistent with his proposition that the docket sheet unmistakably set out May 4, 2000, as the date of the order denying certiorari. Moreover, it is wrong. Bell could have asked the District Court Clerk for clarification or, better yet, could have requested a copy of the Supreme Court's order, which obviously would have stated the date of the Court's denial of certiorari.[5] Bell also could have reviewed his entire docket sheet, where he would have found at least two entries concerning appellate orders, which he presumably had seen or to which he had access, that had a date in the left-hand column that did not correspond to the date on which the appellate order was issued. For instance, one entry reads as follows:

10/29/96    --    COURTESY OPINION-affirm Kime's conviction; remand Bell's conviction under count 16 to dist. court (sm)
[Entry date 10/29/96]

Docket Sheet at 87. The opinion referenced in this entry was entered by our Court on October 25, 1996, not on October 29, 1996. Kime, 99 F.3d at 870. Another entry states as follows:

---

[5]The Clerk of the Supreme Court was required to notify Bell's counsel of the denial of certiorari. See Sup. Ct. R. 16(3). Bell presented no evidence, however, as to whether he ever received this notice and did not argue that a lack of notice caused his late filing.

> 6/11/97   577   NOTIFICATION-From US Supreme Court stating that an order has been filed denying certiorari in the above case.  (pmb) [Entry date 06/11/97]

Docket Sheet at 91.  The Supreme Court denied certiorari in that appeal on May 12, 1997, not on June 11, 1997.  Bell v. United States, 520 U.S. 1220 (1997).

Bell insists that his pro se status excuses his failure to realize that the docket sheet contained dates other than those of court actions.  But we have previously held that a lack of legal knowledge or legal resources, even in the case of a pro se prisoner, does not warrant equitable tolling.  See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (considering application of equitable tolling to § 2254 petition), cert. denied, 534 U.S. 863 (2001).  The same is true in this case.  Bell's decision to file his habeas petition pro se left him vulnerable to the possibility that his inexperience with legal matters would hurt his appeal.  See Paige, 171 F.3d at 561.  Alleged deception perpetuated by a docket sheet is not an extraordinary circumstance when the allegedly deceived party made no effort to have counsel (or even an employee in the Clerk's office) provide him with aid in reading it.

Because equitable tolling can also be appropriate in the habeas context when conduct of the respondent has lulled the petitioner into inaction, Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (considering application of tolling to § 2254 petition), Bell contends that he was lulled into complacency because he was misled by the May 4, 2000, entry.  The Government, however, did nothing to hinder Bell's access to the date of the order denying certiorari.  Furthermore, as we have explained, Bell was not misled; he made a cognizant decision to leave unresolved what he now argues was an ambiguity concerning the expiration date of the limitations period.

For the reasons stated, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.