# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1851

_____

| | | |
|---|---|---|
| Michael Wayne Ford, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Michael Bowersox, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: April 23, 1999
Filed: May 18, 1999

_____

Before BOWMAN,[1] Chief Judge, ROSS, and FAGG, Circuit Judges.

_____

BOWMAN, Chief Judge.

Michael Wayne Ford appeals the dismissal by the District Court of Ford's 28 U.S.C. § 2254 habeas corpus petition as untimely. Based on our recent en banc decision of the consolidated cases under the caption <u>Nichols v. Bowersox</u>, Nos. 97-3639, 97-3640, 1999 WL 203482 (8th Cir. Apr. 13, 1999) (en banc), we reverse and remand the case.

_____

[1]The Honorable Pasco M. Bowman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the end of the day on April 23, 1999. He has been succeeded by the Honorable Roger L. Wollman.

Ford was convicted of capital murder in Missouri state court and sentenced to a term of life imprisonment in 1977. Having long since exhausted his state remedies, Ford filed this pro se § 2254 petition in the United States District Court for the Eastern District of Missouri. Ford delivered his petition to prison authorities for mailing to the clerk of the court on April 16, 1997, and the petition was received by the clerk's office the next day. Upon Ford's submission of the five-dollar filing fee, the petition was stamped "filed" in the District Court on May 5, 1997. Thereafter, the District Court granted the State's motion to dismiss the petition as untimely filed under the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). The District Court issued a certificate of appealability, and Ford now appeals the District Court's determination that Ford's petition was untimely filed.

By the terms of § 2244(d)(1), the one-year limitation period for filing § 2254 petitions begins to run on one of several possible dates, including the date on which the state court judgment against the petitioner became final. See 28 U.S.C.A. § 2244(d)(1)(A) (West Supp. 1999); Nichols, 1999 WL 203482, at *2. In applying § 2244(d)(1) to cases where, as here, the judgment became final before the enactment of AEDPA on April 24, 1996, this Court has adopted a one-year grace period, ending April 24, 1997, for the filing of habeas petitions. See Moore v. United States, No. 98-1153, 1999 WL 246875, at *4 (8th Cir. Apr. 16, 1999). For purposes of § 2244(d)(1), a pro se prisoner's habeas petition "is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." Nichols, 1999 WL 203482, at *9. Thus, when Ford delivered his petition to prison authorities on April 16, 1997, the petition was timely filed within the one-year grace period. The judgment of the District Court is reversed, and the case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.