# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2035WM

_____

Jerry Hyatt,

      Appellant,

v.

James Anthony Gammon,

      Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri
\*
\*     [UNPUBLISHED]
\*
\*

_____

Submitted: August 4, 1999

Filed: August 16, 1999

_____

Before MCMILLIAN, BRIGHT and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

Missouri prisoner Jerry Hyatt appeals the district court's[1] order dismissing his 28 U.S.C. § 2254 petition as untimely. Because the timeliness question is dispositive, this court ordered the case held in abeyance pending the decision in Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (en banc). We conclude that the petition was timely filed and reverse the district court order dismissing the petition.

---

[1]The Honorable D. Brook Bartlett, Chief Judge, United States District Court for the Western District of Missouri.

Hyatt was convicted in 1994 of assault in the first degree and was sentenced to twenty-five years in prison. The Missouri Court of Appeals affirmed. State v. Hyatt, 908 S.W.2d 711 (Mo. Ct. App. 1995). Hyatt's § 2254 petition challenging the conviction was stamped "received" by the United States District Court for the Eastern District of Missouri on April 22, 1997, and was stamped "filed" on May 8, 1997. That court transferred the case to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 2241(d).

The state responded, among other things, that Hyatt's petition should be dismissed as untimely under 28 U.S.C. § 2244(d) (imposing one-year limitation period for filing § 2254 application). Hyatt replied that his habeas petition was timely because it was received by the district court on April 22, 1997. Concluding that the prison mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), had not been extended to the filing of habeas petitions, the district court dismissed the petition for lack of jurisdiction because it was untimely. Hyatt sought reconsideration which the district court denied. Hyatt timely appealed.

Because his convictions became final before the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), Hyatt was entitled to a one-year grace period, the last day of which was April 24, 1997, to file his § 2254 petition. See Ford v. Bowersox, No. 98-1851, slip op. at 2, 1999 WL 308569 at *1 (8th Cir. May 18, 1999), citing Moore v. United States, 173 F.3d 1131 (8th Cir. 1999). Further, Hyatt is entitled to the benefit of the prison mailbox rule. See Nichols v. Bowersox, 172 F.3d at 1077. Thus, Hyatt's § 2254 petition received by the United States District Court for the Western District of Missouri on April 22, 1997, was timely filed.

Accordingly, the district court order dismissing Hyatt's § 2254 petition for lack of jurisdiction is reversed. The case is remanded for further proceedings consistent with this opinion. Petitioner's request for appointment of counsel is denied as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.