# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3812WM

_____

| | | |
|---|---|---|
| Donald L. Marx, | * | |
| | * | |
| Appellant, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Western District |
| | * | of Missouri. |
| Anthony Gammon, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 17, 2000

Filed:  December 6, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

The defendant in this case appeals from the dismissal of his habeas corpus petition under 28 U.S.C. § 2254.  He filed that petition on October 19, 1998, one year and 40 days after his state conviction had become final, on September 9, 1997.  The District Court held that the petition was filed outside the one-year limitations period in 28 U.S.C. § 2244(d), and that the period was not tolled by the filing of successive motions for state post-conviction relief.  We hold that at least one of those motions did toll the period for more than 40 days.  Accordingly, we reverse.

28 U.S.C. § 2244(d) provides that petitions for post-conviction relief under 28 U.S.C. § 2254 must be filed within one year after the defendant's conviction becomes final. However, the limitations period does not run while a "properly filed" state post-conviction petition is pending. 28 U.S.C. § 2244(d)(2). The appellate briefs focused chiefly on Mr. Marx's second and third motions to recall the mandate, which were pending for 141 and 95 days respectively during the year after the conclusion of his direct appeal. The second motion was filed on November 10, 1997; the third, on December 26, 1997; both were summarily denied on March 31, 1998. Mr. Marx needs only 40 days. Thus, if either of these two motions was "properly filed" within the meaning of the statute, then the period was extended far enough to make his habeas petition timely.

After the District Court in this case had dismissed Mr. Marx's petition, the Supreme Court decided Artuz v. Bennett, 121 S. Ct. 361 (2000). That case holds that, for purposes of § 2244(d)(2), "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Id. at 364. Mr. Marx's third motion to recall the mandate was "properly filed" in that sense. Accordingly, we reverse the dismissal of Mr. Marx's petition and remand the case to the District Court for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-