# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2868

_____

Joush Hatcher, Jr.,

          Appellant,

v.

Frank X. Hopkins,

          Appellee.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* District of Nebraska.
\*
\*
\*

_____

Submitted: April 19, 2001
Filed: July 6, 2001

_____

Before BOWMAN, FAGG, and LOKEN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

The District Court[1] denied Joush Hatcher, Jr.'s 28 U.S.C. § 2254 habeas corpus petition on the ground that the claims were procedurally defaulted as a matter of state law and that Hatcher did not show cause and prejudice to excuse the default, or provide new evidence that he was actually innocent. We affirm.

---

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

In 1978, Hatcher pleaded guilty to first-degree murder and was sentenced to life imprisonment. He did not file a direct appeal. In 1986, he filed a pro se state post-conviction motion, alleging that he was entitled to relief because of the ineffective assistance of trial counsel and "failure of the proof." The motion was denied by the state trial court, and the appeal to the Nebraska Supreme Court was later dismissed because Hatcher did not file an appellate brief. In June 1997, Hatcher filed a second pro se state post-conviction motion that raised the same issues as the first motion. This motion was also denied, and the denial was affirmed by the Nebraska Supreme Court, which held that Hatcher's failure to file an appellate brief in the first post-conviction proceeding procedurally barred his second post-conviction motion.

Hatcher filed a petition for writ of habeas corpus in the District Court on October 16, 1997. The court denied the petition on the ground that Hatcher had not exhausted all available state remedies. Hatcher filed a second habeas petition in the District Court in July 1999 and filed an amended petition in October 1999. The District Court accepted the Magistrate Judge's Report and Recommendation, and found that Hatcher's claims were procedurally defaulted in the state courts and were thus unreviewable in a § 2254 petition. Hatcher v. Hopkins, No. 4:99CV3209 (D. Neb. June 6, 2000) (order dismissing habeas corpus petition). The court also held that Hatcher's default could not be excused because he did not show cause and prejudice for the default or actual innocence of the crime. Id. The court issued a certificate of appealability on the sole issue of whether it should have granted an evidentiary hearing wherein Hatcher could put forth evidence to support his claim of actual innocence.

The State argues that the District Court was prohibited from entertaining Hatcher's habeas petition because he filed it outside the required one-year limitations period. We agree. Hatcher's guilty plea and sentence fell well before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996), and Hatcher thus had until April 24, 1997 to timely file his § 2254 petition with the District Court. See 28 U.S.C.

§ 2244(d)(1) (Supp. IV. 1998); <u>Ford v. Bowersox</u>, 178 F.3d 522 (8th Cir. 1999). Hatcher, however, filed his original and amended habeas petitions in 1999. Hatcher's petition is therefore untimely unless the limitation period was tolled during that period.

The time during which an "application for State post-conviction or other collateral review" is pending tolls the limitation period for filing federal habeas corpus petitions. 28 U.S.C. § 2244(d)(2). Hatcher filed his second state post-conviction appeal on July 22, 1997, three months past the April 24, 1997 limitation period to file his § 2254 petition. There was no federal or state appeal pending from April 24, 1996 through April 24, 1997—the operative period in assessing the timeliness of the petition. Nor was the filing deadline for Hatcher's habeas petition "equitably tolled" during this period. <u>See</u> <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."), <u>petition for cert. filed</u>, __ U.S.L.W. __ (U.S. June 11, 2001) (No. 00-10520). Because Hatcher filed his habeas petition over two years past the required date for a timely petition, the appeal is untimely and we are barred from reviewing it on the merits.[2]

In addition to being untimely, all of the arguments contained in Hatcher's appeal (except for the District Court's denial of an evidentiary hearing) have been defaulted by his failure to raise them on direct appeal or in state post-conviction proceedings. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991) (holding that federal courts must defer to independent and adequate state procedural bars in reviewing § 2254 petitions). Hatcher admits that he procedurally defaulted his claims in the state proceedings.

---

[2]Nor did Hatcher's 1997 federal habeas petition toll the limitation period for his 1999 petition. <u>See</u> <u>Duncan v. Walker</u>, No. 00-121, 2001 WL 672270, at *9 (U.S. June 18, 2001) (holding that the filing of a first federal habeas petition is not an application for "other collateral review" under the tolling provision of § 2244(d)).

Procedural default as a matter of state law may be excused, however, and a procedurally defaulted claim in a § 2254 petition reviewed if the petitioner can show either cause and prejudice to excuse the default or actual innocence. Stanley v. Lockhart, 941 F.2d 707, 709-10 (8th Cir. 1991). Hatcher admits in his brief that he cannot show cause and prejudice to excuse the default, nor can he prove actual innocence.

Although Hatcher concedes that he has defaulted his claims, and that no traditional exception to excuse his default applies, he argues that a "structural error" occurred both before and during his guilty plea that excuses any procedural default from his state post-conviction proceedings. Specifically, Hatcher argues that we should "essentially develop an exception to the cause and prejudice requirement excusing procedural default when structural error existed at the plea proceedings." Appellant's Br. at 18. In support of his "structural error" argument, Hatcher relies on Arizona v. Fulminante, 499 U.S. 279 (1991), wherein the Court noted five structural errors that mandate automatic reversal of a conviction: denial of counsel, trial by a biased judge, the right to self representation at trial, exclusion by race from a grand jury, and denial of a public trial. The five "structural errors" listed in Fulminante, as well as a few others that have since been recognized, mandate automatic reversal because such errors "call into question the very accuracy and reliability of the trial process." McGurk v. Stenberg, 163 F.3d 470, 474 (8th Cir. 1998)).

Hatcher contends that the culmination of three different errors led to "structural error" that mandates reversal. First, Hatcher argues that the plea-hearing record is devoid of evidence on premeditation—a requirement for a finding of first-degree murder—and that the judge erred in accepting his plea to first-degree murder. Second, Hatcher argues that his trial counsel and the trial court failed to explain "lesser-included" alternatives to pleading guilty to first-degree murder. Third, he argues that his plea was involuntary because of his youth, illiteracy, and pressure from his family and friends to accept the plea agreement.

The "structural error" Hatcher alleges is not of the type contemplated by Fulminante and its progeny. Further, the importance of the Fulminante decision is that structural errors, of which there are very few, are not subject to harmless-error analysis, but instead mandate automatic reversal. 499 U.S. at 309-10. Hatcher, however, cites Fulminante for the proposition that federal courts may review structural errors even though they have been procedurally defaulted in the state courts. That is incorrect. The Supreme Court has recently detailed the circumstances necessary to bypass a state-law procedural default in a § 2254 petition, and "structural error" is not listed among them. See Coleman, 501 U.S. at 750. Moreover, when we disaggregate Hatcher's claim of "structural error," we find that it encompasses the same arguments that have already been procedurally defaulted individually in the state post-conviction proceedings.

Finally, we conclude that the District Court did not err in denying Hatcher's request for an evidentiary hearing, as he did not present any argument that his claim is affected by a new retroactive rule of constitutional law, or that a factual predicate underlying his claim could not be discovered despite the exercise of due diligence. 28 U.S.C. § 2254(e)(2) (Supp. IV 1998). Nor did Hatcher allege facts underlying a claim of constitutional error that would show by clear and convincing evidence that, but for the error, no reasonable fact finder would have found him guilty of the underlying offense. Id. Most importantly, however, Hatcher did not present a timely, cognizable claim in his habeas petition. Because he presented an untimely claim, no purpose would be served by inquiring into the defaulted claim by way of an evidentiary hearing.

The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-