# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1595

_____

|  |  |  |
|---|---|---|
| Edward D. Curtis, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Michael Kemna, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: November 13, 2001

Filed: November 23, 2001

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Edward D. Curtis was convicted of five counts of sodomy in 1994. The next year, the Missouri Court of Appeals affirmed the convictions, affirmed the denial of postconviction relief, and denied a motion to recall the mandate. Because direct review concluded before enactment of the Antiterrorism and Effective Death Penalty Act, the deadline for filing a federal habeas petition was April 24, 1997, one year after the Act's effective date. See 28 U.S.C. § 2244(d)(1); Hatcher v. Hopkins, 256 F.3d 761, 763 (8ᵗʰ Cir. 2001). Curtis did not file a federal habeas petition until the

year 2000. The district court[*] dismissed the petition as barred by the one-year limitations period in 28 U.S.C. § 2244(d)(1), but granted a certificate of appealability for us to consider whether Curtis is entitled to equitable tolling of the limitations period because the prison law library was inadequate and "malfunctioning" during an extended period of time.

Because the district court treated equitable tolling as an issue of law, we review the court's ruling de novo. Jihad v. Hvass, No. 00-3114, 2001 WL 1172796, at *3 n.3 (8th Cir. Oct. 5, 2001). Equitable tolling may apply to the one-year time limit for filing federal habeas petitions contained in § 2244(d)(1), but only when extraordinary circumstances beyond a prisoner's control make it impossible to file the habeas petition on time. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 2001 WL 687341 (U.S. Oct. 1, 2001) (No. 00-10520). Curtis does not contend the library's inadequacies prevented him from preparing his federal habeas petition, but instead asserts he could not prepare a second motion to recall the mandate in state court, which may have tolled the statute of limitations for filing his federal habeas petition if he had filed the motion before April 24, 1997. See 28 U.S.C. § 2244(d)(2); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam). We have not extended equitable tolling to these circumstances, however, and see no reason to do so. Curtis does not assert the impediment to filing a second motion to recall the mandate in state court prevented him from filing his federal habeas petition. Besides, an inadequate law library is generally not an extraordinary circumstance warranting equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); Kreutzer, 231 F.3d at 463 (stating equitable tolling unwarranted in case of unrepresented prisoner alleging lack of legal knowledge or legal resources). Curtis provides no specifics about the inadequate library and the steps he took diligently to pursue his claims. Indeed, Curtis was not transferred to the prison with

_____

[*]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

the inadequate library until March 1997, and he does not explain why he waited until the eleventh hour to perform his research.

We thus affirm the district court's dismissal of Curtis's habeas petition as untimely.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.