# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2507

_____

Forrest B. Gray,                                   *
                                                   *
    Petitioner - Appellant,                        *
                                                   *   Appeal from the United States
v.                                                 *   District Court for the
                                                   *   Eastern District of Missouri.
James A. Gammon,                                   *
                                                   *   **[TO BE PUBLISHED]**
    Respondent - Appellee.                         *

_____

Submitted:  December 13, 2001

Filed:  March 13, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Forrest B. Gray is serving a fifteen-year sentence for a September 1995 conviction. He did not appeal the conviction, but in May 1999 he petitioned the state court for habeas relief under Rule 91 of the Missouri Rules of Civil Procedure. That petition was denied in October 1999, and the Supreme Court of Missouri denied a second Rule 91 petition in February 2000. Gray then filed this federal habeas petition on September 26, 2000. The district court[1] denied the petition as time-barred under the one-year limitations period in 28 U.S.C. § 2242(d)(1). Gray

_____

[1]The HONORABLE RODNEY W. SIPPEL, United States District Judge for the Eastern District of Missouri.

appeals, arguing the limitations period was tolled by his Rule 91 proceedings in state court. Reviewing this issue of law *de novo*, we affirm. See Whitmore v. Kemna, 213 F.3d 431, 432 (8th Cir. 2000) (standard of review).

The one-year statute of limitations in § 2244(d)(1) took effect on April 24, 1996. Gray's conviction was then final under state law. Therefore, he had one year -- until April 24, 1997 -- to file a federal habeas petition, unless the one-year limitation in § 2244(d)(1) was tolled. See Moore v. United States, 173 F.3d 1131, 1133-35 (8th Cir. 1999). The statute itself has a tolling provision. "The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). Gray argues that his Rule 91 proceedings in the state courts qualify for this statutory tolling, and therefore the one-year period did not commence running until February 2000. The State responds that Rule 91 is not "other collateral review" for purposes of § 2244(d)(2) because of its limited scope under Missouri law. Compare Duvall v. Purkett, 15 F.3d 745, 746-47 (8th Cir. 1994), with Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

We need not decide whether a pending Rule 91 proceeding qualifies as "other collateral review" because Gray did not file his first Rule 91 petition until May 1999. Thus, it was not pending from April 24, 1996, to April 24, 1997, while the one-year limitations period in § 2244(d)(1) ran. In addition to the statutory tolling provided in § 2244(d)(2), we have recognized that the one-year period is equitably tolled when "extraordinary circumstances" have made it impossible for the habeas petitioner to file a timely federal petition. But Gray cites no such circumstances that prevented

him from acting prior to April 24, 1997. Accordingly, the district court was correct in ruling that Gray's September 2000 federal petition is time-barred. See Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.