# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1855

_____

Bernard Cross-Bey,                    *
                                      *
            Appellee,                 *
                                      *       Appeal from the United States
    v.                                *       District Court for the
                                      *       Eastern District of Missouri.
James A. Gammon,                      *
                                      *
            Appellant.                *


_____

Submitted: November 6, 2002
     Filed: March 12, 2003

_____

Before HANSEN, Chief Judge, BEAM and SMITH, Circuit Judges.

_____


HANSEN, Circuit Judge.

       The district court granted Bernard Cross-Bey's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. James A. Gammon, the Supervisor of the Moberly Correctional Center (hereinafter "the State"), appeals the district court's denial of his motion to dismiss as well as the grant of the writ of habeas corpus. We reverse the judgment of the district court.

## I.

In March 1992, Cross-Bey pleaded guilty in state court to the charge of selling cocaine. The state court judge sentenced Cross-Bey to a 15-year term of incarceration but suspended the execution of the sentence and placed him on probation for a period of two years. On September 11, 1992, the state court revoked Cross-Bey's probation following a hearing and ordered execution of the 15-year sentence. His state court appeal and collateral review process were completed by May of 1994.

On June 27, 1995, Cross-Bey filed a § 2254 petition for a writ of habeas corpus in federal district court. On July 28, 1995, the State asserted in its response that the petition contained exhausted and unexhausted claims and therefore should be dismissed without prejudice for failure to exhaust available state court remedies. (Jt. App. at 442.) Cross-Bey resisted dismissal, asserting that he had exhausted state court remedies and requesting permission to amend his complaint. The district court permitted Cross-Bey to amend the complaint, but ultimately dismissed the case without prejudice on Cross-Bey's own motion in December 1997. Cross-Bey returned to state court to exhaust available remedies and filed a new § 2254 petition in federal court on August 7, 1998, within nine months of the dismissal of his first petition.

The State moved for dismissal of this new habeas corpus petition on the ground that it violated the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). The district court denied the motion to dismiss, granting Cross-Bey a one-year grace period running from the dismissal of his first habeas corpus petition in December 1997, and concluding that the pending petition (filed in August of 1998) was filed well within this period. The district court reasoned that this grace period was appropriate because Cross-Bey's first habeas petition had been pending when AEDPA was enacted on April 24, 1996, and was dismissed months after its enactment.

2

Considering the petition's merits, the district court concluded that Cross-Bey's probation revocation counsel in state court had been ineffective for failing to conduct a reasonable investigation and for failing to present evidence at the revocation hearing that would have supported Cross-Bey's asserted defense. Accordingly, the district court granted the writ. The State now appeals.

## II.

"AEDPA's provisions apply to all habeas corpus petitions filed after the Act's effective date" of April 24, 1996. Weaver v. Bowersox, 241 F.3d 1024, 1029 (8th Cir. 2001). AEDPA provides that a prisoner must file a petition for habeas corpus relief within one-year of when the prisoner's state court judgment becomes final. 28 U.S.C. § 2244(d)(1). We have recognized a one-year grace period running from AEDPA's enactment for prisoners whose state court proceedings were completed prior to AEDPA's enactment. Ford v. Bowersox, 178 F.3d 522, 523 (8th Cir. 1999).

Thus, AEDPA governs Cross-Bey's current habeas corpus petition. Because that petition was filed after AEDPA's date of enactment and after the expiration of the one-year grace period that we have recognized, the petition is untimely. Although Cross-Bey's initial federal petition for habeas corpus was pending when AEDPA was enacted, its dismissal without prejudice rendered that proceeding a nullity and left the parties as if no action had ever been filed. Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996).

AEDPA's statute of limitations, however, is subject to tolling. The statute itself contains a tolling provision which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Contrary to Cross-Bey's assertion, this provision does not apply to the case at hand. Cross-Bey's state court applications for collateral review were

not pending during the relevant time period. See Gray v. Gammon, 283 F.3d 917, 918 (8th Cir.) (holding that a state court action must have been pending from April 24, 1996, to April 24, 1997, to toll the limitations), cert. denied, 123 S. Ct. 216 (2002). Only Cross-Bey's initial federal habeas petition, now a nullity, was pending during that time.

Because of recent Supreme Court precedent, Cross-Bey's initial federal habeas petition cannot be the basis for statutory tolling. Subsequent to the district court's decision to toll in this case, the Supreme Court held that the language of the statute, which permits tolling while "State post-conviction or other collateral review" is pending, does not permit tolling on the basis of a pending federal habeas corpus petition. Duncan v. Walker, 533 U.S. 167, 181 (2001). Applying Duncan, Cross-Bey is not entitled to statutory tolling on the basis of his initial federal habeas petition.

Cross-Bey asserts that the Duncan case should not be applied retroactively to him. We disagree. We are bound to apply the Supreme Court's current interpretation of the tolling statute. While the Supreme Court must expressly make retroactive a new rule of constitutional law, see Tyler v. Cain, 533 U.S. 656, 662 (2001), when the Court interprets a federal statute and applies that rule of federal law to the parties before it, that interpretation "must be given full retroactive effect," Harper v. Va. Dep't of Taxation, 509 U.S. 86, 97 (1993). "A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." Rivers v. Roadway Express, Inc., 511 U.S. 298, 312-13 (1994). The Supreme Court's interpretation in Duncan leaves no statutory grounds for tolling in this case.

There remains yet the possibility of equitable tolling aside from the statutory tolling provision, which appears to be what the district court tried to do. Because § 2244(d)(1) is a statute of limitations and not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. Kreutzer v. Bowersox, 231 F.3d 460,

4

463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001).  In a concurring opinion in Duncan, Justice Stevens writes that "neither the Court's narrow holding, nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled . . . as a matter of equity."  533 U.S. at 183 (Stevens, J., concurring).  Justice Stevens indicated that in his view, equitable considerations may make it appropriate to "conclude that Congress simply overlooked the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted."  Duncan, 533 U.S. at 184 (Stevens, J., concurring).

We are not faced with such a clear-cut situation.  In this case, the State put Cross-Bey on notice of unexhausted state court remedies in its response filed in July of 1995, before AEDPA was even enacted.  Cross-Bey, however, failed to pursue such remedies during the one-year grace period, and instead kept amending and pursuing his habeas petition until December of 1997, after the grace-period had expired.  The district court cannot be said to have "belatedly" realized that one or more claims were not exhausted where Cross-Bey had actual notice prior to AEDPA's enactment that his petition contained unexhausted claims.

More importantly, we have held that equitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the respondent's conduct has lulled the petitioner into inaction.  Kreutzer, 231 F.3d at 463.  We have stated that "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."  Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002) (internal quotations omitted), cert. denied, 2003 WL 660686 (Mar. 3, 2003) (No. 02-8255).  Generally, such circumstances must be external to the petitioner, and we have held,

5

at least in one instance, that even a claim of actual innocence was not sufficient to toll the statute of limitations. Id. at 976-77.

This case presents no extraordinary circumstances beyond the prisoner's own conduct that made it impossible for him to file a timely petition, and nothing in the respondent's conduct can be said to have lulled the petitioner into inaction. Cross-Bey chose to continue prosecuting and amending his mixed habeas petition and did not seek and receive a voluntary dismissal to exhaust his state court remedies until eight months after the expiration of the one-year grace period that we have allowed under AEDPA. Cross-Bey sought a voluntary dismissal without considering what effect AEDPA's statute of limitations might have on a refiled § 2254. Had he dismissed his federal habeas action and returned to state court to exhaust all of his claims in 1995 (when first put on notice of unexhausted claims), the AEDPA statute would have been tolled by its own terms until the state courts had finally ruled, and his second § 2254 would have been timely.

We have previously held that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." Kreutzer, 231 F.3d at 463. We are thus bound by our own precedent to conclude that Cross-Bey's failure to recognize the importance of the one-year statute of limitations of § 2244(d)(1) or the legal effect of the voluntary dismissal was not an extraordinary circumstance beyond Cross-Bey's control that warrants equitable tolling. Cf. Carmichael v. White, 163 F.3d 1044, 1045 (8th Cir. 1998) (holding the district court was without authority to issue a 90-day stay to permit a habeas petitioner to exhaust his state court remedies). But cf. Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir.) (holding that a district court faced with a mixed petition should dismiss only the unexhausted claims and should grant a stay, with reasonable limitations, on further proceedings in the federal habeas petition "where an outright dismissal could jeopardize the timeliness of a collateral attack" (internal quotations omitted)), cert. denied, 122 S. Ct. 506 (2001). Guided by our circuit's precedent, we conclude that

Cross-Bey's lack of understanding of the law and the effect of his voluntary dismissal, while regrettable, does not amount to an extraordinary circumstance beyond his control.

## III.

Accordingly, we reverse and remand, directing the district court to dismiss Cross-Bey's habeas petition as untimely.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.