

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2004

# Lively v. Superintendent

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1446

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Lively v. Superintendent" (2004). *2004 Decisions*. Paper 1087.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1087

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

03-1446

_____

KEVIN LIVELY,

Appellant

v.

SUPERINTENDENT, SCI HUNTINGDON; DISTRICT ATTORNEY OF
PHILADELPHIA COUNTY;
ATTORNEY GENERAL OF PENNSYLVANIA

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Civil Action No. 01-CV-204)
District Judge:  The Honorable Anita B. Brody

_____

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2004

BEFORE: BARRY, SMITH, and GREENBERG, Circuit Judges,

(Filed   January 15, 2004 )

_____

OPINION OF THE COURT

SMITH, <u>Circuit</u> <u>Judge</u>.

Appellant, Kevin Lively, appeals from the District Court's dismissal of his habeas petition as untimely under 28 U.S.C. § 2244. For the reasons set out below, we dismiss Lively's appeal for lack of jurisdiction.

I.

Because we write only for the parties, our statement of the facts is a brief one. Tyrone "Smiley" Miller was murdered on April 14, 1986. Lively was charged for the murder, and his first trial ended in a mistrial. He was re-tried and convicted of murder and possessing an instrument of crime on February 12, 1988. The judge in the Pennsylvania Court of Common Pleas imposed a mandatory sentence of life imprisonment. Lively appealed to the Pennsylvania Superior Court, which affirmed the lower court's decision. *See Commonwealth v. Lively*, No. 243 Phila. 1989 (Pa. Super. Jan. 26, 1990). The Pennsylvania Supreme Court reversed the Superior Court based on the trial court's admission of prior inconsistent statements and remanded for a new trial. *Commonwealth v. Lively*, 610 A.2d 7 (Pa. 1992). On October 28, 1992, a jury once again convicted Lively of first degree murder and possessing an instrument of a crime. Again, the judge imposed the mandatory sentence of life imprisonment. His conviction was affirmed by the Superior Court. *Commonwealth v. Lively*, No. 02271 Phila. 1993 (Pa. Super. Apr. 19, 1994). The Pennsylvania Supreme Court declined Lively's request for discretionary review. *Commonwealth v. Lively*, 653 A.2d 1228 (Pa. 1994).

2

On January 14, 1997, Lively sought collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541. The petition was dismissed. The dismissal was affirmed by the Superior Court on September 20, 1999. Lively claims he was not aware of the Superior Court's ruling until May 24, 2000. He then filed a petition for allowance of appeal *nunc pro tunc* with the Pennsylvania Supreme Court on June 29, 2000.[1] The petition was denied on October 6, 2000.

Lively filed a federal habeas petition on January 15, 2001. The Magistrate Judge recommended that the habeas petition be denied as untimely under 28 U.S.C. § 2244(d)(2). Even granting all conceivable statutory and equitable tolling of the one year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Magistrate Judge ruled that the petition was untimely.

The District Court adopted the recommendation by the Magistrate Judge, but certified the following questions to this Court: (1) whether the judicially-created "grace period" for filing of habeas corpus petitions by state prisoners whose convictions became final prior to April 23, 1996 is extendable in the interests of fairness and reason, or is the strict one-year limitations period subject to statutory and equitable tolling; (2) whether the "grace period," if limited to a strict year, violates either the Suspension Clause or the Due Process Clause of the Constitution; and (3) whether there is any basis upon which the

---

[1]The appeal was docketed on July 5, 2000. The District Court determined that, based on the time taken for other filings to reach the court, Lively mailed the appeal on June 29, 2000.

District Court could allow more than thirty days tolling past the date Lively learned of the Superior Court ruling.

## II.

This Court has jurisdiction over a certificate of appealability ("COA") only where that certificate is properly issued by the District Court. *United States v. Cepero*, 224 F.3d 256, 261-62 (3d Cir. 2000). Where, as here, the District Court denies plaintiff's habeas petition on procedural grounds, a COA is appropriate where (1) "jurists of reason could disagree with the district court's resolution of [plaintiff's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because there is no question as to the propriety of the District Court's procedural ruling that Lively's petition was untimely, this Court lacks jurisdiction.

The first and second issues certified by the District Court have already been ruled on by this Court. *See, e.g., Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). From the effective date of AEDPA, April 24 1996, a strict one year time limit, to April 23, 1997, applies. *Id.* at 111. By the time the District Court made its ruling, every Circuit had reached the same conclusion.[2] Accordingly, that the limitations period beginning April

---

[2] *Valentine v. Francis*, 270 F.3d 1032, 1034 (9th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *United States v. Cicero*, 214 F.3d 199, 202 (D.C. Cir. 2000);

24, 1996 lasts one year, and that it is constitutionally valid, are no longer subjects upon which jurists of reason can disagree. Thus, no COA should have been granted on these issues.

Nor is there any basis upon which Lively can demonstrate that he is entitled to more tolling than that which was accorded by the District Court. Indeed, it is arguable that even that period tolled by the District Court was inappropriate. Lively filed his PCRA claim on January 14, 1997, and its dismissal was affirmed by the Superior Court on September 20, 1999. Lively claims that he learned of this affirmance on May 24, 2000. The District Court tolled Lively's period to file a habeas petition until thirty days past the day he claims to have learned of the denial, or June 23, 2000. The District Court reasoned that normally a petitioner is afforded thirty days from a denial to file a timely appeal. Lively filed a *nunc pro tunc* appeal on June 29, 2000. The District Court tolled the limitations period from June 29, 2000 until Lively's appeal was denied on October 6, 2000. Lively argued, both here and before the District Court, that the entire period from January 14, 1997 to October 6, 2000 should be tolled, including the six days between June

*Gaskins v. Duval*, 183 F.3d 8, 9 (1st Cir. 1999); *Ross v. Artuz*, 150 F.3d 97, 100-03 (2d Cir. 1998); *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998); *Brown v. Angelone*, 150 F.3d 370, 374-76 (4th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998); *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999); *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998); *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). Additionally, the Supreme Court applied a one year statute of limitations in *Carey v. Saffold*, 536 U.S. 214 (2002), after the Magistrate filed his report and recommendation, but before the District Court issued its COA.

5

23 and June 29, 2000.

There is no basis for Lively's claim. The limitations period under § 2244 is tolled only so long as plaintiff's PCRA claim is "properly pending." 28 U.S.C. § 2244; *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). There was no pending state proceeding between June 23 and June 29, 2000. In fact, those petitions for PCRA relief which are untimely, such as Lively's, do not toll the statute of limitations. *Artuz*, 531 U.S. at 8 ; *Merritt v. Blaine*, 326 F.3d 157, 158-59 (3d Cir. 2003) ("We hold that an untimely application for state post-conviction relief by a petitioner, who sought but was denied application of a statutory exception to the PCRA's time bar, is not 'properly filed' under 28 U.S.C § 2244(d)(2)."); *Horn v. Fahy*, 240 F.3d 239, 243 (3d Cir. 2001).[3] Thus, the only point upon which reasonable jurists could disagree is whether the District Court tolled Lively's limitation period for too long–not too short–a period of time.

Because there is no room for debate on the three issues certified by the District Court, the COA fails to meet the second prong of the *Slack* test. 529 U.S. at 478. We therefore conclude that this Court has no jurisdiction over this appeal. The appeal will be dismissed.

To the Clerk:

---

[3] The fact that it is Lively's appeal to the Pennsylvania Supreme Court and not his initial petition that was untimely does not distinguish his case. *Merritt*, 326 F.3d at 166 n.6 (explaining *Nara v. Frank*, 264 F.3d 310 (3d Cir. 2001)).

Please file the foregoing opinion.


By the Court:


    /s/ D. Brooks Smith

Circuit Judge

7

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

03-1446

KEVIN LIVELY,

Appellant

v.

SUPERINTENDENT, SCI HUNTINGDON; DISTRICT ATTORNEY OF
PHILADELPHIA
COUNTY; ATTORNEY GENERAL OF PENNSYLVANIA

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Civil Action No. 01-CV-204)
District Judge:  The Honorable Anita B. Brody

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2004

BEFORE: BARRY, SMITH, and GREENBERG, Circuit Judges,

JUDGMENT

This cause came to be on the record from United States District Court for the

Eastern District of Pennsylvania and was submitted on January 13, 2004.  On

consideration whereof, it is

ORDERED AND ADJUDGED that the appeal is hereby dismissed.

ATTEST:

8

_____
Marcia M. Waldron, Clerk

Dated: