# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 03-2486

_____

Frank Mendoza,                           *

                               *

            Appellant,           *

                               *       Appeal from the United States

      v.                       *       District Court for the

                               *       District of Minnesota.

State of Minnesota,            *        [UNPUBLISHED]

                               *

            Appellee.            *

_____

Submitted:  March 10, 2004
Filed:  March 19, 2004

_____

Before WOLLMAN, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Minnesota state prisoner Frank Mendoza appeals the district court's[1] dismissal of his 28 U.S.C. § 2254 petition as time-barred.  For the following reasons, we affirm.

Mendoza was convicted of two counts of second-degree murder and one count of second-degree assault.  The Hennepin County District Court sentenced him to an

_____

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Susan Richard Nelson, United States Magistrate Judge for the District of Minnesota.

aggregate of 825 months in prison. Mendoza appealed to the Minnesota Court of Appeals, which affirmed on March 28, 2000, and he petitioned for further review by the Minnesota Supreme Court, which denied review on May 23, 2000. On November 28, 2000, he filed a state postconviction-relief motion, which the Hennepin County District Court denied on April 2, 2001. Mendoza did not appeal.

On March 18, 2002, Mendoza filed his § 2254 petition. The district court determined--and Mendoza concedes on appeal--that the one-year limitation period established by 28 U.S.C. § 2244(d) had elapsed before he filed his petition. Mendoza asked the district court to equitably toll the limitation period, however, because he was not fluent in English, he had undergone ankle surgery and suffered from arthritis in his hip, and he had inadequate access to law books and legal assistance. The district court denied his request for equitable tolling and dismissed his petition but granted him a certificate of appealability on the issue of equitable tolling.

"[E]quitable tolling is proper when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible," but the application of equitable tolling "'must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir.) (citation omitted), cert. denied, 124 S. Ct. 442 (2003). We agree with the district court that the grounds asserted by Mendoza do not constitute extraordinary circumstances justifying equitable tolling. See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) (rejecting equitable tolling where petitioner alleged lack of proficiency in English but had submitted court filings in readable English), cert. denied, 123 S. Ct. 1793 (2003); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (en banc) (rejecting equitable tolling where petitioner alleged health condition but did not show that it had disabled him during substantial part of limitation period); Cross-Bey, 322 F.3d at 1015 (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources).

Accordingly, we affirm the district court's dismissal of Mendoza's § 2254 petition as time-barred.

_____