# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4058

_____

| | | |
|---|---|---|
| Ricky R. Davenport, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Michael Kenney, Warden, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: May 6, 2004

Filed: May 18, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Ricky Davenport appeals the final judgment entered in the District Court[1] for the District of Nebraska dismissing without prejudice his 28 U.S.C. § 2254 petition as a mixed petition under Rose v. Lundy, 455 U.S. 509 (1982). The district court granted a certificate of appealability on Davenport's claim that trial and appellate counsel were ineffective for failing to raise a sufficiency-of-the-evidence challenge to Davenport's conviction for using a firearm in the commission of a felony. We

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

affirm the dismissal because the claim was untimely, and we modify the dismissal to be with prejudice.

Davenport shot and killed another individual in a bar fight. He was later convicted in Nebraska state court of manslaughter, using a firearm in the commission of a felony, and being a felon in possession of a firearm. He received consecutive sentences of 25 years, 20 years, and 20 years on the respective counts. See State v. Davenport, No. A-94-009, 1994 WL 642698, at *1-2 (Neb. Ct. App. Nov. 15, 1994). The Nebraska Court of Appeals affirmed Davenport's conviction on direct appeal, see id. at *17; denied a challenge to Davenport's prior convictions in an order dated January 21, 1997, see State v. Davenport, 5 Neb. App. 355, 559 N.W.2d 783 ( 1997); and denied a motion for post-conviction relief filed in March 1998, see State v. Davenport, No. A-98-571, 1999 WL 703624 (Neb. Ct. App. Sept. 7, 1999). Davenport filed the instant federal habeas petition in February 2000, and filed a motion to amend--to include the claim at issue in this appeal--on April 19, 2002.

We agree with the state that Davenport's federal habeas petition was untimely under the Antiterrorism and Effective Death Penalty Act (AEDPA). See Cross-Bey v. Gammon, 322 F.3d 1012, 1013 (8th Cir.) (one-year grace period from AEDPA's enactment), cert. denied, 124 S. Ct. 442 (2003). Even assuming that the state waived the limitations defense to Davenport's original section 2254 petition by failing to raise it in the state's response to the petition, the state did not have the opportunity to raise the defense in response to the claim at issue after the district court granted leave to amend, because the court simultaneously dismissed the petition as a mixed petition. In these circumstances, we conclude that the state did not waive the defense as to the instant claim. Cf. Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 361 (8th Cir. 1997) (waiver can be found where state's conduct is so consistent with intent to relinquish statute-of-limitations defense that no other reasonable explanation for its conduct is possible). Moreover, the claim did not relate back to the original petition, see United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999), and Davenport's

-2-

pro se status is not a basis for equitable tolling of the limitations period, <u>see</u> <u>Kreutzer</u> <u>v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000), <u>cert. denied</u>, 534 U.S. 863 (2001).

Accordingly, we affirm the district court's dismissal of the claim, but we modify the dismissal to be with prejudice.

_____