# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3919

_____

| | | |
|---|---|---|
| Troy N. Polson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Supt. Michael Bowersox, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 19, 2009
Filed: February 23, 2010

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

Troy Polson appeals the district court's dismissal of his habeas corpus petition as untimely. We hold that the statute of limitations was tolled during the pendency of Polson's petition for relief pursuant to Missouri Supreme Court Rule 91 and that Polson's federal habeas petition was therefore timely.

I.

In August 2003, Polson was sentenced in Clay County, Missouri for convictions of first-degree assault, armed criminal action, possession of a controlled substance with intent to distribute, possession of a chemical with intent to create a controlled

substance, and possession of a methamphetamine precursor drug with intent to manufacture methamphetamine. On direct appeal, the Missouri Court of Appeals affirmed in part, vacated in part, and ordered re-sentencing on one count. Polson did not appeal the subsequent re-sentencing.

On December 9, 2004, thirty-six days after the Missouri Court of Appeals issued its mandate on his direct appeal, Polson filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. The circuit court denied relief, and the Missouri Court of Appeals affirmed, issuing its mandate on April 4, 2007. Then, 174 days later, on September 25, 2007, Polson filed a petition for habeas corpus relief in Texas County, Missouri pursuant to Missouri Supreme Court Rule 91 ("Rule 91"). Polson's Rule 91 petition was pending for seventy days. On December 4, 2007, the circuit court dismissed Polson's Rule 91 petition without prejudice and noted the petition did not "allege facts on which relief can be granted."

On March 27, 2008, Polson commenced this action in federal district court by filing a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Appellee moved to dismiss Polson's petition as untimely. The district court granted the motion to dismiss, concluding that the statute of limitations expired nearly one month before Polson filed his federal habeas petition. We granted a certificate of appealability to determine whether Polson's petition was time-barred. The dispositive question is whether Polson's petition for state habeas relief tolled the statute of limitations under 28 U.S.C. § 2244(d)(2).[1] We review de novo the district court's

---

[1]The dispositive nature of this question is undisputed. If the statute of limitations was tolled for the seventy days while Polson's Rule 91 petition was pending, then Polson's federal habeas petition was filed 324 non-tolled days after the issuance of the appellate mandate on his direct appeal. If the Rule 91 petition did not toll the limitations period, then Polson's federal habeas petition was filed with 394 days elapsed, or thirty-nine days late.

construction and application of § 2244(d)(2). Wright v. Norris, 299 F.3d 926, 927 (8th Cir. 2002).

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for federal habeas petitions. 28 U.S.C. § 2244(d)(1). The statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." Id. § 2244(d)(2). Appellee concedes that Polson's Rule 91 petition was a "properly filed application" for relief. Therefore, the focus of our inquiry is whether Rule 91 proceedings are "other collateral review with respect to the pertinent judgment or claim."

Our Court has held that other forms of collateral review under Missouri's appellate procedure qualify for statutory tolling under § 2244(d)(2). See Streu v. Dormire, 557 F.3d 960, 965 (8th Cir. 2009) (prisoner's motion to reopen post-conviction relief proceedings); Bishop v. Dormire, 526 F.3d 382, 384 (8th Cir. 2008) (prisoner's motion to recall a mandate from the Missouri Court of Appeals on the prisoner's post-conviction relief petition); Marx v. Gammon, 234 F.3d 356, 357 (8th Cir. 2000) (prisoner's third motion to recall a mandate). We see no meaningful difference between the post-conviction proceedings in Streu, Bishop, and Marx and the Rule 91 proceedings in this case. We conclude that Polson's Rule 91 proceedings were "other collateral review with respect to the pertinent judgment or claim." Therefore, Polson's federal habeas petition was timely because the statute of limitations was tolled for the time period that Polson's Rule 91 petition was pending in Missouri state court.

Appellee argues that we should read Bishop and Streu "narrowly" to prevent prisoners from evading the AEDPA statute of limitations by filing "repetitive

post-conviction motions in state court." However, Appellee's suggested interpretation would ignore the purpose of § 2244(d)(2), which is to "'encourage petitioners to seek relief from state courts in the first instance,' thereby giving 'an opportunity to the state courts to correct a constitutional violation.'" Streu, 557 F.3d at 963–64 (quoting Rhines v. Weber, 544 U.S. 269, 274, 276 (2005)). If a prisoner has "properly filed [an] application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," the statutory tolling inquiry ends there. We decline to limit § 2244(d)(2) to one post-conviction proceeding, as Appellee suggests.

In holding that Polson's federal habeas petition was time-barred, the district court relied on Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam). In Gray, a Missouri prisoner filed two Rule 91 petitions more than three years after his state court conviction. Id. at 917–18. Shortly after state courts denied relief under Rule 91, the prisoner filed a federal habeas petition. Id. at 918. The district court dismissed the federal petition as time-barred, and we affirmed. Id. Importantly, the Rule 91 petitions had no bearing in that case because the AEDPA statute of limitations expired before the prisoner filed any petition for collateral review. Gray is inapposite here because Polson's statute of limitations had not elapsed when he filed a Rule 91 petition on September 25, 2007. Indeed, Gray reserved the question presented squarely in this case—whether a prisoner's Rule 91 proceedings qualified for statutory tolling under 28 U.S.C. § 2244(d)(2). Id.

## III.

For the foregoing reasons, the judgment of the district court is reversed. We remand the case for further proceedings consistent with this opinion.

_____