# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-3891

———————

Dennis Skillicorn,

    Petitioner - Appellee,

v.

Al Luebbers,

    Respondent - Appellant.

\* \
\* \
\* \
\* Appeal from the United States \
\* District Court for the \
\* Western District of Missouri. \
\* \
\* \
\*

———————

Submitted:  June 13, 2001

Filed:  September 10, 2001

———————

Before LOKEN, HALL,[*] and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

LOKEN, Circuit Judge.

Chapter 154 of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides certain procedural advantages to qualifying States in federal habeas proceedings brought by state prisoners under sentence of death. For example, Chapter 154 imposes a 180-day limitation period for filing a federal habeas petition, 28 U.S.C. § 2263(a), rather than the one-year filing period in Chapter 153, 28 U.S.C. § 2244(d)(1). A State may "opt in" to Chapter 154 by establishing "a mechanism for

———————

[*]The HONORABLE CYNTHIA HOLCOMB HALL, United States Circuit Judge for the Ninth Circuit, sitting by designation.

the appointment, compensation, and payment of reasonable litigation expenses of competent counsel in State post-conviction proceedings" and by providing "standards of competency for the appointment of such counsel." 28 U.S.C. § 2261(b).

The Supreme Court of Missouri adopted Rule 29.16 on July 1, 1997, some two weeks after that Court had affirmed the conviction and death sentence of Dennis Skillicorn. See State v. Skillicorn, 944 S.W.2d 877 (Mo. banc), cert. denied, 522 U.S. 999 (1997). On June 30, the day before Rule 29.16 went into effect, the Office of the Public Defender selected two attorneys to represent Skillicorn in state post-conviction proceedings should counsel be appointed. The Circuit Court of Lafayette County, Missouri, appointed the Office of the Public Defender to represent Skillicorn on August 25. The Supreme Court of Missouri affirmed the denial of state post-conviction relief on August 2, 2000.

Skillicorn then filed motions in the district court for leave to file a federal habeas petition *in forma pauperis* under 28 U.S.C. § 2254 and for appointment of counsel. After the district court granted these motions, respondent filed a notice advising that Missouri had opted into Chapter 154 by adopting Missouri Supreme Court Rule 29.16 and that the State would rely on Chapter 154's statute of limitations in this § 2254 proceeding. Skillicorn filed a Motion for Declaratory Judgment and Injunctive Relief, asserting that Missouri has not satisfied the opt-in requirements of Chapter 154. The district court granted the motion on the sole ground that Rule 29.16 was not in effect on June 30, 1997, when the Public Defender selected Skillicorn's state post-conviction counsel. Respondent appeals. We reverse.

## I. A Jurisdiction Issue.

Relying on Calderon v. Ashmus, 523 U.S. 740 (1998), respondent first argues that the district court lacked jurisdiction to grant declaratory and injunctive relief because Skillicorn has not yet filed a federal habeas petition and his motion therefore

did not present a justiciable case or controversy under Article III of the Constitution. In Calderon, a class of California death row inmates sought an order declaring that Chapter 154 would not apply to their future federal habeas proceedings. The Supreme Court ordered the complaint dismissed, concluding that a declaratory judgment action seeking "to gain a litigation advantage by obtaining an advance ruling on an affirmative defense" does not satisfy Article III:

> Any judgment in this action . . . would not resolve the entire case or controversy as to any one of [the class members], but would merely determine a collateral legal issue governing certain aspects of their pending or future suits.

523 U.S. at 747. Respondent argues that the relief granted Skillicorn suffers from this same Article III defect. We disagree.

There are important differences between Calderon and this case. Calderon was a purported class action affecting numerous California death row inmates, and California had not yet asserted a Chapter 154 defense in any class member's federal habeas proceeding. This case, on the other hand, involves the application of Chapter 154 to a specific habeas petitioner who has exhausted his state post-conviction remedies. Moreover, Skillicorn has been granted i.f.p. status and appointment of counsel in federal court, and respondent has filed a notice of intent to rely on Chapter 154 in that pending district court proceeding, which has been assigned Western District of Missouri docket number 00-MC-8002. Respondent argues there is no case or controversy because Skillicorn has not yet filed a federal habeas petition. But that is of no significance. The filing of a habeas petition is not required to confer post-conviction jurisdiction over a state inmate in federal court. See McFarland v. Scott, 512 U.S. 849, 859 (1994) (motion for appointment of counsel under 21 U.S.C. § 848(q) confers jurisdiction to grant a stay of execution under 28 U.S.C. § 2251).

In one important respect, Skillicorn's motion for injunctive and declaratory relief was inconsistent with Calderon. That decision confirmed that the Declaratory Judgment Act may not be used to obtain an advance ruling on an affirmative defense that would not resolve a pending or future case or controversy. But in this case, granting declaratory relief did not create a jurisdictional defect, it merely raised a question as to the appropriate remedy. Under McFarland v. Scott, the district court acquired habeas jurisdiction when it granted Skillicorn i.f.p. status and appointed counsel. The court then had jurisdiction to enter the order being appealed in this habeas proceeding. Moreover, it was a sound exercise of the court's discretion to address the applicability of Chapter 154 early in the habeas case, because this is an important issue that may require a "relatively expeditious judicial answer" capable of interlocutory appellate review. Calderon, 523 U.S. at 750 (Breyer, J., concurring). Indeed, respondent concedes that the district court could have decided the issue in a scheduling order, as was done in Smith v. Bowersox, 159 F.3d 345, 347 n.2 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).

We agree with respondent that resolving this issue in a scheduling order is a far more appropriate remedy than granting declaratory or injunctive relief. A scheduling or other form of pretrial order avoids misuse of the Declaratory Judgment Act, and it avoids characterizing as an injunction an interlocutory ruling that may or may not be appropriate for immediate appellate review under the collateral order doctrine or by discretionary interlocutory appeal under 28 U.S.C. § 1292(b). But the district court nonetheless had jurisdiction to enter the order being appealed. That order did not violate the Eleventh Amendment, as respondent further suggests. It was entered in a § 2254 habeas proceeding, and the Eleventh Amendment does not bar habeas relief against state officials. See, e.g., Ex Parte Royall, 117 U.S. 241, 249 (1886). Accordingly, we reject respondent's jurisdiction arguments and turn to the merits of the district court order.

## II. The Merits.

Chapter 154 applies if Missouri has established a mechanism for the appointment, compensation, and payment of competent counsel in post-conviction proceedings by indigent prisoners in capital cases. Other circuits have assumed that Chapter 154 will apply to a particular federal habeas petitioner if the State had a satisfactory mechanism in place at the time the petitioner's state post-conviction counsel was *appointed* by the state courts. See Tucker v. Catoe, 221 F.3d 600, 604 (4th Cir.), cert. denied, 121 S. Ct. 661 (2000); Ashmus v. Woodford, 202 F.3d 1160, 1165 (9th Cir.), cert. denied, 513 U.S. 916 (2000). As the court said in Wright v. Angelone, 944 F. Supp. 460, 463 (E.D. Va. 1996):

> Whether a state's system satisfies the requirements of [28 U.S.C. § 2261] should be determined by examining the system as it existed at the time a petitioner first received appointment of counsel in the post-conviction process. It is at this time that a petitioner is first subject to the state's procedures, and would therefore be entitled to enjoy the protections of the state's system.

Here, the district court ruled that Chapter 154 does not apply because Missouri Supreme Court Rule 29.16 was not in place until the day after the Office of the Public Defender selected attorneys to represent Skillicorn in his state post-conviction proceedings, a selection made prior to the appointment of counsel by the state court. The district court gave no reason supporting this departure from the above-cited cases from other circuits. It simply relied on an earlier decision of the Eastern District of Missouri, which likewise gave no reason why the critical date should be the date counsel is selected, rather than the date counsel is appointed. See Hall v. Luebbers, No. 00-CV-0887 (E.D. Mo. Order filed July 26, 2000). On appeal, Skillicorn has not noted any relevant significance to the date the Public Defender selects an attorney who *may* subsequently be appointed. Because the mechanism required by Chapter 154 concerns the "appointment, compensation, and payment" of competent counsel

for state post-conviction proceedings, we conclude Chapter 154 applies if a satisfactory mechanism was in place when post-conviction counsel was appointed.

Accordingly, the district court erred in failing to reach the merits of the issue whether Missouri Supreme Court Rule 29.16 is a satisfactory opt-in mechanism. Although Skillicorn has argued the merits on appeal, the issue should be addressed in the first instance by the district court. Skillicorn further argues that we decided that Rule 29.16 does *not* satisfy the Chapter 154 requirements in Kreutzer v. Bowersox, 231 F.3d 460, 462 (8th Cir. 2000), petition for cert. filed, (U.S. June 11, 2001) (No. 00-10520). We disagree. Kreutzer involved a habeas petitioner whose state post-conviction proceedings were entirely completed before Rule 29.16 took effect on July 1, 1997. Thus, Kreutzer did not decide the question whether Missouri has established a mechanism that satisfies the opt-in requirements of Chapter 154 for habeas petitioners whose state post-conviction counsel were appointed after July 1, 1997. On remand, assuming the parties adhere to the positions they have urged to this court, the district court is directed to take up the merits of that question.

The district court's Order dated October 31, 2000, is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-