# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2192

_____

Calvin B. Johnson,                                   *
                                                     *
           Appellant,                            *
                                                     *
                                                     *   Appeal from the United States
     v.                                          *   District Court for the
                                                     *   District of Minnesota.
Michael W. Mott, Police Chief;                       *
City of Milaca,                                      *   [UNPUBLISHED]
                                                     *
           Appellees.                            *

_____

Submitted:  April 20, 2010
Filed:  May 18, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

      In this 42 U.S.C. § 1983 action, Calvin Johnson appeals the district court's with-prejudice dismissal of his complaint under Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction).  Because the district court's dismissal was based upon a determination that Johnson's action was barred by the applicable statute of limitations, we first conclude that the district court erred in dismissing Johnson's complaint under Rule 12(b)(1).  See Jessie v. Potter, 516 F.3d 709, 713 n.2 (8th Cir. 2008) (statute of limitations is typically affirmative defense which defendant must plead and prove); United States v. Big D Enterprises, Inc., 184 F.3d 924, 935 (8th Cir. 1999) (defense based upon statute of limitations is generally waived if not

raised in responsive pleading); see also Hastings v. Wilson, 516 F.3d 1055, 1058 (8th Cir. 2008) (de novo review of Fed. R. Civ. P. 12(b)(1) dismissal for lack of subject matter jurisdiction). However, we agree with the district court's statute-of-limitations analysis, and we hold that the dismissal with prejudice was appropriate under Federal Rule of Civil Procedure 12(b)(6). See Wallace v. Kato, 549 U.S. 384, 388 (2007) (accrual date of § 1983 cause of action is question of federal law; accrual occurs when plaintiff has "a complete and present cause of action" (citing Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192 (1997))); Egerdahl v. Hibbing Community College, 72 F.3d 615, 618 n.3 (8th Cir. 1995) (§ 1983 claims in Minnesota are governed by six-year limitations period of personal injury statute (citing Minn. Stat. § 541.05, subd. 1(5)); Kaster v. Iowa, 975 F.2d 1381, 1382 (8th Cir. 1992) (per curiam) (§ 1983 action accrued when state officials searched and seized property, and not when plaintiff's state court action concluded); Wycoff v. Menke, 773 F.2d 983, 984-85 (8th Cir. 1985) (when it appears from face of complaint itself that limitation period has run, limitations defense may properly be asserted through Fed. R. Civ. P. 12(b)(6) motion to dismiss); see also Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (tolling is proper only when extraordinary circumstances beyond petitioner's control make it impossible to file petition on time or when conduct of defendant has lulled plaintiff into inaction).

Accordingly, the district court's judgment of dismissal with prejudice is affirmed. See Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (court may affirm on any basis supported by record).

_____