# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2234

_____

Jim Rues,                                     *
                                              *
            Appellant,                        *
                                              *    Appeal from the United States
      v.                                      *    District Court for the
                                              *    Western District of Missouri.
Larry Denney,                                 *
                                              *
            Appellee.                         *

_____

Submitted: May 12, 2011
Filed: July 6, 2011

_____

Before RILEY, Chief Judge, SMITH, Circuit Judge, and STROM,[1] District Judge.

_____

STROM, District Judge.

      Jim Rues appeals the district court's[2] denial of his 28 U.S.C. § 2254 petition for habeas corpus relief.  Because we find Rues' petition is untimely, we affirm.

_____

      [1]The Honorable Lyle E. Strom, United States District Court for the District of Nebraska, sitting by designation.

      [2]The Honorable Greg Kays, United States District Court for the District of Missouri.

## I. BACKGROUND

A jury in Jackson County, Missouri, convicted Rues of armed criminal action and the first-degree murder of Michael Wolver, the estranged husband of Rues' romantic interest Susan Wolver. The trial judge sentenced Rues to life imprisonment without the possibility of parole. Significant evidence linked Rues to the murder. Two days before the murder, the Wolvers' child was removed from Susan's custody and placed in the State's custody. This action enraged both Rues and Susan, and they blamed Michael for its occurrence. On the night of the murder, Michael's roommate mistakenly let Rues through the front door of Michael's house, heard shots fired, and saw Rues leave the house. Further, Rues admitted that he killed Michael to two other witnesses and during a conversation recorded by the FBI.

The police recovered three shotgun shells from the crime scene. Each of those shells had a distinctive "bunter mark." Bunter marks are machine-stamped marks placed on the head of shotgun shells that indicate the manufacturer and gauge of the shell. William Newhouse, a criminalist, testified that the bunter marks on the recovered shells each matched "a number of bunter mark[s]" on shells seized from Rues' house, indicating a possible link between the murder scene shells and the shells found at Rues' house. Newhouse acknowledged he could not give a statistical probability that the shells had the same source. Rues objected to the admittance of Newhouse's testimony both before and during the trial, arguing Newhouse lacked credibility because Newhouse could not testify to any statistical information evidencing a link between the shells found at the murder scene and the shells found at Rues' house.

On direct appeal, the Missouri Court of Appeals affirmed Rues' convictions and sentences. Rues did not seek discretionary review in the Missouri Supreme Court. The Missouri Court of Appeals issued its mandate on January 7, 2004. Rues then filed a post-conviction relief (PCR) motion fifty-one days later in the Jackson County Circuit Court on February 27, 2004. The circuit court denied his motion, and the

Missouri Court of Appeals affirmed the circuit court's denial. The Missouri Court of Appeals issued its mandate in the PCR appeal on June 26, 2008. As of that date, 314 days remained in the limitations period for Rues to file a § 2254 petition for habeas corpus relief with the district court, making the petition due May 6, 2009.[3] As a result of clerical error, however, habeas counsel for Rues miscalculated the deadline and did not file the petition with the district court until May 20, 2009.

In the district court, respondent Larry Denney, Warden of the Crossroads Correctional Center in Cameron, Missouri, moved to dismiss the petition for being untimely. Before the district court, Rues conceded that he had missed the May 6, 2009 deadline in filing his habeas petition, but argued that the release of a study by the National Academy of Sciences ("study") constituted newly discovered evidence, which would extend his limitations period. *See* 28 U.S.C. § 2244(d)(1)(D) ("The limitation period shall run from the latest of— . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."). The study, among other things, called into question the

---

[3] Rues had one year to file his federal habeas petition from the date that his conviction and sentence became final. 28 U.S.C. § 2244(d)(1)(A). If a Missouri state prisoner does not seek discretionary review in the Missouri Supreme Court, his convictions and sentences become final on the date that the Missouri Court of Appeals issues its mandate in his direct appeal. *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (en banc). As Rues did not seek discretionary review in the Missouri Supreme Court, his statute of limitations began to run on January 7, 2004, when the Missouri Court of Appeals issued its mandate. The statute of limitations is tolled, however, during a petitioner's PCR action. § 2244(d)(2). As Rues filed his state PCR petition on February 27, 2004, tolling began on such date and concluded when the Missouri Court of Appeals issued its mandate in the PCR appeal on June 26, 2008. *See Paryne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006). The statute of limitations ran from January 8, 2004, until February 27, 2004, a period of fifty-one days. Thus, when the PCR appeal ended, Rues had 314 days to file his federal petition, making the petition due on May 6, 2009.

processes for comparing bunter marks from firearm shells to other, unfired shells. The study was released on February 18, 2009.

The district court rejected this argument, finding § 2244(d)(1)(D) did not apply because the study did not constitute "new evidence." The district court recognized Rues had raised a similar argument at his trial regarding the supposed matching bunter marks. The district court also recognized the argument "that forensic methodologies have not been sufficiently studied in peer reviewed journals to be accepted as scientifically accurate" is not a new argument, having been raised in other academic journals. The district court ultimately determined "the factual predicate of the claims presented in the petition could have been discovered, indeed *were* discovered, through the exercise of due diligence prior to May 6, 2009." As such, § 2244(d)(1)(D) did not extend the limitations deadline for Rues' federal habeas petition, and his petition filed on May 20, 2009 was untimely. The district court also held, citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), that an attorney's miscalculation of the due date for a habeas petition could not constitute an extraordinary circumstance allowing equitable tolling of the limitations period.

## II.    DISCUSSION

On appeal, Rues raises two assignments of error. First, that the district court should have equitably tolled his statute of limitations period, as his counsel's negligence in failing to file a timely petition constituted an extraordinary circumstance warranting equitable tolling. Second, he continues to maintain the study constitutes newly discovered evidence, which should have extended the start date for the running of his limitations period to February 18, 2009. If this Court accepts either of Rues' arguments, then his habeas petition would be timely. We reject both of Rues' arguments.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations period for filing a petition for habeas corpus relief by state prisoners. *See* § 2244(d)(1). Pursuant to § 2244(d)(1), the triggering event for the limitations period is the latter of four different events. Two of such events are applicable to this appeal. They are (1) "the date on which the judgment became final by the conclusion of direct review;" § 2244(d)(1)(A), and (2) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D). The Supreme Court has held that the limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2563 (internal citation and quotations omitted).

The district court cited *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) in support of the proposition that an attorney's miscalculation of a filing deadline is not an extraordinary circumstance permitting equitable tolling. The Supreme Court has since reaffirmed this principle on two occasions. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *see also Holland*, 130 S. Ct. at 2564 ("We have previously held that a garden variety claim of excusable neglect, . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline, . . . does not warrant equitable tolling . . . [absent additional facts of] far more serious instances of attorney misconduct." (internal citations and quotation marks omitted)). We find Rues' counsel's miscalculation of his filing deadline is a "garden variety claim" of neglect and does not warrant equitable tolling. Thus, as Rues filed his petition on May 20, 2009, he clearly missed the May 6, 2009 filing deadline established by § 2244(d)(1)(A).

For Rues' second argument, he contends the limitations period for § 2244(d) should have been extended pursuant to § 2244(d)(1)(D) because the factual predicate for his petition (the study) could not have been discovered through the exercise of due diligence.  It is true that Rues could not have exercised due diligence to discover the study, as the study was not published until 2009, well after Rues' conviction.  The study, however, does not constitute a new fact.  The study calls into question the validity of methods used to analyze bunter marks on ammunition casings.  The study is not the first source to analyze this question.  Indeed, Rues raised the issue of the reliability of the bunter marks analysis during his trial.  Because the study does not raise any new issues, it cannot be considered a new fact on which Rues may base his habeas petition.

## III.   CONCLUSION

For the reasons stated, we affirm the judgment of the district court.

_____